

Page 1

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: NORTHERN |
|---|---|
| Name (under which you were convicted): ROBERT CHAPMAN | Docket or Case No.: 3:20-cv-200-GHD-JMV |
| Place of Confinement: Marshall County Correctional Facility | Prisoner No.: MDOC 163212 |
| Petitioner (include the name under which you were convicted) ROBERT CHAPMAN | v. | Respondent (authorized person having custody of petitioner) JESSE J. WILLIAMS, Warden |
| The Attorney General of the State of: JEM HOOD | MISSISSIPPI |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: DESOTO COUNTY CIRCUIT COURT, HERNANDO MISSISSIPPI

    (b) Criminal docket or case number (if you know): CR2007-0312 CD

2.  (a) Date of the judgment of conviction (if you know): SEPTEMBER 28nd, 2010
    (b) Date of sentencing: OCTOBER 27th 2010

3.  Length of sentence: LIFE, MS STATE 399-19-83

4.  In this case, were you convicted on more than one count or of more than one crime? Yes ☒ No ☐

5.  Identify all crimes of which you were convicted and sentenced in this case: Count #1 Conspiracy, and Count #2 Armed Robbery

6.  (a) What was your plea? (Check one)

    (1) Not guilty ☒          (3) Nolo contendere (no contest) ☐

    (2) Guilty ☐              (4) Insanity plea ☐

Page 2

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? I Pleaded Not Guilty TO One Count OF Conspiracy And One Count OF Armed Robbery

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒        Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐ No ☒

8.  Did you appeal from the judgment of conviction?

Yes ☒ No ☐

9.  If you did appeal, answer the following:

(a) Name of court: Court OF APPeals State OF mississippi

(b) Docket or case number (if you know): unKnown

(c) Result: AFFirmed

(d) Date of result (if you know): unknown

(e) Citation to the case (if you know): unknown

(f) Grounds raised: unknown lost documents

(g) Did you seek further review by a higher state court?   Yes ☐ No ☒

If yes, answer the following:

(1) Name of court: See Exhibit "G" attached.

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐  No ☐

If yes, answer the following:

(1) Docket or case number (if you know): *See Exhibit "G" attached*

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑  No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: *Supreme Cant Of M,SS. (See Attached).*

(2) Docket or case number (if you know): *unknown*

(3) Date of filing (if you know): *On or about July 2nd 2019*

(4) Nature of the proceeding: *Application To Leave To Proceed in Trial Cant.*

(5) Grounds raised: *(1) Whether The Habitual Portion Of Chapman's*
*Sentence is illegal (2) Whether Cant #1 For Conspiracy*
*is defective For Failure To Chares an Offense (3) Whether*
*The Trial Court Judge Was Without The Authority To*
*Sentence Chapman To Life in Prison; (4) Whether*
*Chapman Was denied His Right To an Appeal (5) Whether*
*Chapman Received ineffective assistance Of Counsel*
*(6) Whether Chapmans indictment is a Legal document.*

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐  No ☑

(7) Result: *Case denied*

(8) Date of result (if you know): *unknown*

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

Page 4

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ☐ No ☑

(7) Result: Case denied

(8) Date of result (if you know): unknown

(c) If you filed any third petition, application, or motion, give the same information: X (on's

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ☐ No ☑

(7) Result: Case denied

(8) Date of result (if you know): unknown

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    Yes ☐ No ☑

    (2) Second petition:    Yes ☐ No ☑

    (3) Third petition:    Yes ☐ No ☑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: Land only

Offord one appeal Then I became Time barred.

See also Exhibit (2) attached.

_____

Page 5

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Whether The Habitual Portion Of Chapman's Sentence Is Illegal

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The State Failed TO Prove That Chapman Was A Habitual Offender Within The means of 399-19-83 Rendering The imposed Life Sentence (Habitual) Illegal.

(b) If you did not exhaust your state remedies on Ground One, explain why: See Exhibit "G" Attached
Family Court Only Afford One Appeal

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: See Exhibit "G" Attached. Had NO Help Legally.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☑ No ☐ Yes

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: Post Conviction (See Attached)
Name and location of the court where the motion or petition was filed: MISS. Supreme Court For leave TO Proceed in The Trial Court
Docket or case number (if you know): Unknown
Date of the court's decision: Unknown

Page 6

Result (attach a copy of the court's opinion or order, if available): *denied*

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Supreme Court, Leave To Proceed in The Trial Court (See Attached).*

Docket or case number (if you know): *Unknown*

Date of the court's decision: *Unknown*

Result (attach a copy of the court's opinion or order, if available): *Not Available*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: *Filed Application For Leave To Proceed in The Trial Court To File Post-Conviction Relief. See Attached*

GROUND TWO: *Whether Count#1 For Conspiracy Is defective For Failure To Charge An Offense.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *Count #1 For Conspiracy Is Defective For Failure TO include The Elements Of Conspiracy.*

*See Attached PCR*

(b) If you did not exhaust your state remedies on Ground Two, explain why: _Was denied Leave To Proceed in The Trial Cant To File Post Conviction Relief._

_See Attached PCR_

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _See Exhibit "Q" Attached_

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐ _See Attached_

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Motion For Post Conviction Relief_

Name and location of the court where the motion or petition was filed: _Supreme Court For (See attached) Leave To Proceed in The Trial Cant To File PCR_

Docket or case number (if you know): _Unknown_

Date of the court's decision: _Unknown_

Result (attach a copy of the court's opinion or order, if available): _Not Available_

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

Page 8

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*Attached Leave To Proceed in The Trial Cant was denied See Attached-PCR*

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: *Ground Two Relief was denied (See Attached PCR)*

**GROUND THREE:** *Whether The Jude was without The Authority To Sentence Chairman To Life.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *Under The Armed Robbery Statute The Jury Can Only Fix The Penalty For Life imprisonment The Sentence is illegal.*

(b) If you did not exhaust your state remedies on Ground Three, explain why: *Was denied leave To Proceed in The Trial Cant To File Post-Conviction Relief. See Attached PCR*

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: *See Exhibit "C" attached*

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐ *See Attached PCR Which was denied*

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *motion For Post-Conviction Relief (See attached)*

Name and location of the court where the motion or petition was filed: *Supreme Cant For Leave To Proceed in The Trial Cant To File PCR*

Page 9

Docket or case number (if you know): _UNKnown_

Date of the court's decision: _unknown_

Result (attach a copy of the court's opinion or order, if available): _Denied_
_(inaccessible)_

(3) Did you receive a hearing on your motion or petition?
Yes ☐ No ☐

(4) Did you appeal from the denial of your motion or petition?
Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
_See Exhibit G attached_

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _See attached Affidavit_
_For Leave To Proceed in The Trial Court To File Post-_
_Conviction Relief_

GROUND FOUR: _Whether Chapman was denied his right To an_
_Appeal in violation of Due Process (See attached PCR)_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _Chapman_
_was denied his Right To an Appeal based on Exhibit G_
_(see Exhibit G attached)_
_(Chapman Raised 6 issues in The attached PCR)_
_Chapman was entitled To Appeal his Sentence if not_
_his Conviction. (See Exhibit G attached)_

(b) If you did not exhaust your state remedies on Ground Four, explain why: *See Exhibit G Attached*

*See Attached Application For Leave To Proceed in The Trial Court To File Post-Conviction Relief*

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: *See Exhibit G attached*

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐   *denied*

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *motion For Post Conviction Relief (Attached)*

Name and location of the court where the motion or petition was filed: *Application For Leave To Proceed in The Trial Cort To File PCR*

Docket or case number (if you know): *Unknown*

Date of the court's decision: *Unknown*

Result (attach a copy of the court's opinion or order, if available): *Not Available*

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Attached Application For Leave To Proceed in The Trial Cort To File PCR*

Docket or case number (if you know): *Unknown*

Date of the court's decision: *Unknown*

Result (attach a copy of the court's opinion or order, if available): *Not Available*

IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

ROBERT CHAPMAN                    PETITIONER PRO SE

VS.                               CAUSE NO.

STATE OF MISSISSIPPI              RESPONDENT


MOTION FOR POST-CONVICTION COLLATERAL RELIEF


COMES NOW, ROBERT CHAPMAN Petitioner Pro Se In The Above Styled And Numbered Cause And Files This, His MOTION FOR POST-CONVICTION COLLATERAL RELIEF Pursuant To Miss. Code Ann. §99-39-1 et seq And Miss. Code Ann. §99-39-7, §99-39-27 And in Support Would Show unto This Honorable Court The Following TO-Wit:


#1. (ONE)
JURISDICTION


IF Granted Leave To Proceed in This Trial Court This Court Would Have Jurisdiction Over The Persons And The Subject Matter Pursuant To Miss. Code Ann. §99-39-1, et seq And Miss. Code Ann. §99-39-5, et seq. And Further because The Petitioner was Convicted in This Case On Or About September 23, 2010, and Signed September 28th 2010, in the Circuit Court Of DESOTO County, Mississippi, Pursuant To A

1

Jury Trial and being Found Guilty Of The Offenses Of Armed Robbery And Conspiracy. The indictment Did NOT Charged The Petitioner As A Habitual Offender Under §99-19-83.

### #2. (Two)
### IDENTITY OF PROCEEDINGS IN WHICH THE PETITIONER WAS CONVICTED.

Petitioner Chapman Was Charged bY Criminal Indictment With The Offenses Of Conspiracy, Armed Robbery And Reckless Driving, The State Later Amended The Indictment TO Allege The Petitioner Habitual Offender Status Under §99-19-83.

### #3. (Three)
### DATE OF ENTRY OF JUDGMENT OF CONVICTION.

The Judgment Of Conviction in This Cause Was Filed bY The Circuit Court Clerk Of DESOTO County, Mississippi On Or About OCTOBER 27th 2010, The Order imposing Sentence was Filed bY The Circuit Court OF DESOTO County, Mississippi On Or About The 30th DaY OF September 2010. in Criminal Cause No. CR2007-0312CD.

2

# #4. (Four)
## Concise Statement Of The Claim(s) And Grounds Upon Which This Is Based.

### Issue #1. (One)

Robert Chapman's Sentence is illegal and in Violation Of The 5th And 14th Amendments To The United States Constitution And Article 3, §14 And 3.26, Of The Constitution Of The State Of Mississippi. Post Conviction Relief Should be Granted From Such an illegal Sentence Which Was imposed without The State Properly Finding Chapman a Habitual Offender Under Section 99-19-83. Chapman's Illegal Sentence is a Violation Of Due Process And Should be Corrected.

### Issue #2. (Two)

Chapman's Sixth Amendment Right To Effective Assistance Of Counsel Was Violated, The Sixth Amendment Guarantees The Right To Effective Assistance Of Counsel in Criminal Prosecutions The Failure To Object To The Amendment Of Chapman's Indictment Was Prejudicial. Counsel's Performance Was Deficient, And The Deficient Performance Was So Substantial it Prejudice Chapman and Deprived Chapman Of His Constitutional Right To Due Process in The Sentencing Phase Of These Proceedings. Chapman is Entitled To Relief.

3

## #5. (Five)
## STATEMENT OF INCARCERATION.

Petitioner Robert Chapman is Presently incarcerated And is being Housed at The Marshall County Correctional Facility (MCCF), Mississippi. (Holly Springs, Mississippi), in Service Of The Term imposed in This Case. Petitioner Chapman has been Continuously Confined, in Regards To Such Sentence, Since date Of Conviction And imposition Of The Sentence by The Trial Court. Chapman was Sentenced To a Term Of Life imprisonment, as a Habitual Offender Without Any Possibility Of Parole Or Early Release, Pursuant To <u>Section 99-19-83</u>.

## #6. (Six)
## STATEMENT OF THE CASE.

A Jury Convicted Chapman Of Conspiracy To Commit Armed Robbery. The Desoto County Circuit Court Adjudicated Chapman A Habitual Offender And Sentenced Chapman To Life imprisonment On both Convictions, with The Sentence To be Served Concurrently with Each Others in The Custody Of The Mississippi Department Of Corrections without Eligibility For Parole Or Probation. Chapman Filed A Motion For Judgment notwithstanding The Verdict (JNOV) Or, in The Alternative, A New Trial, Which The Circuit Court Denied.

4

In The Circuit Court Of DeSoto County, Mississippi

## Statement Of Facts

The Intended Bank Deposit Of Beall Market Cited in Southaven, Mississippi, Was Taken At Gunpoint by Two Men Outside The Salation. They Were Parked Facing Out And Coincidentally Right Next To The Car Of Dana Ozment, Who Was Making The Deposit. The Description Of The Car Was immediately broadcast And A Car Fitting The Description Was Spotted Heading North On I-55. A Chase Ensued, Resulting in The Arrest Of Two Men. The Bank Bag With Deposits And Deposit Slip, Dana Ozment's Purse, And, A Glock Pistol Were Recovered. Chapman Confessed To Memphis Police (except For The Use Of A Pistol), And The Getaway Driver Testified Against Chapman At Trial. Ozman Was Not Asked To Identify either Man At Trial.

Prior To Trial A Suppression Hearing On Chapman's Statement To The Memphis Police Was held. The Statement Was found To Have been Voluntarily And Knowingly Made Under The Totality Of The Circumstances. (T. 63-66).

Four Southaven Police Department Officers Testified To The Pursuit And Apprehension Of Robert Chapman. (T. 117-126, 145-152, 156-157, 164-165). Two Of The Officers Testified To The Recovery Of Evidence Linking Chapman To The Robbery, including A "Tobaggan" hat, The Money bag And Deposit Slip, Dana Ozment's Purse, A Plastic bag Containing Cash, And A Glock Pistol. (T. 157-158, 167-180). Officer Walter Bunn Of The Memphis, Tennessee Police Testified To Having Mirandized

5

Chapman And Taking His Statement Admitting involvement. (T. 190-194). Joshua Chapman Testified against His uncle saying they had Agreed To "Pull off A Robbery" And saying He was The Getaway Driver And Robert Chapman Committed The Robbery. (T. 199). He Plead To Conspiracy To Commit Armed Robbery. (T. 203). Dana Ozment, Originally Shown As "Donna Ozment" in The indictment (T. 233), Testified To The Robbery And Identified The Recovered Items (T. 206-218). The Defense Did Not Put On Any Evidence.

IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

ARGUMENT

ISSUE #1, Whether The Habitual
Portion Of Chapman's Sentence is
Illegal:

Petitioner Chapman Would Assert Here That The
HABITUAL PORTION OF HIS SENTENCE IS ILLEGAL
Due To the State's Failure To Prove Chapman's Habitual
Offender Status Pursuant To SECTION 99-19-83 Beyond
A REASONABLE DOUBT As Required By The DUE
PROCESS CLAUSE OF The 14th AMENDMENT, in Support See
In Re WINSHIP, 397 U.S. 358, 364 (1970), See Also SULLIVAN VS.
Louisiana, 508 U.S. 275, 278 (1993).

The Record Reflects That Petitioner Chapman Was
Not INDICTED AS AN HABITUAL OFFENDER, in Support
See Exhibit "A" Attached, Hereto. in Grayer VS. State, 120 So.
3d 964 (2013) The Mississippi Supreme Court Held That, "To Sentence
A Defendant As A Habitual Offender, All That is Required is That
The Accused be Properly indicted As An Habitual Offender, And
That The Prosecution Prove The Prior Offenses by Competent
Evidence, And That The Defendant be Given A Reasonable
Opportunity To Challenge The Prosecutor's Proof."

On OR About October 26th 2010, The State Filed
Post-Trial Motion(s) TO bring Hearing To Determine The
Petitioner's Habitual Offender Status And To Sentence The

7

Petitioner as an Habitual Offender Pursuant To Section 399-19-83. See Exhibit "B" Attached Hereto. On Or About September 24th, 2009, Pursuant To Circuit And Lower Court Rule 7.09 The State Filed A Motion To Amend The Indictment, The Was To Amend Only Count #1 And Count #2 Of The Three (3) Count Indictment, See Exhibit "C" Attached Hereto. On Or About June 28th 2010 an ORDER Amending Indictment Was Filed Reflecting The Petitioner's Prior Convictions To Enhance Chapman's Sentence Pursuant To Section 399-19-83 See Exhibit "D" Attached, Hereto. And Exhibit "C".

The Record Reflects That The State Elected To Charge Chapman as an HABITUAL OFFENDER Pursuant To Section 99-19-83 See Exhibits "B", "C" And "D" Attached.

When Chapman Was Sentenced as An Habitual Offender Pursuant To Section 99-19-83 On Or About October 26th 2010, 399-19-83 Provided The Following: "Every Person Convicted in This State Of A Felony Who Shall have been Convicted Twice Previously Of Any Felony Or Federal Crime Upon Charges Separately brought And Arising Out Of Separate incidents At different Times And Who Shall have been Sentenced To And Served Separate Terms Of One (1) Year or more in Any State And/or Federal Penal institution, Whether in This State Or Elsewhere, And Where Any One (1) Of Such felonies Shall have been a Crime Of Violence Shall be Sentenced To life imprisonment, And Such Sentence Shall not be Reduced Or Suspended Nor Shall Such Person be Eligible For Parole Or Probation". (Miss. Code Ann. 399-19-83)(2010).

8

At The Hearing To Determine Chapman's HABITUAL OFFENDER STATUS Pursuant To § 99-19-83, The State Presented To The Court Exhibit "E." The State's Exhibit "1" To Prove Chapman's Prior Convictions Used To Enhance Chapman's Sentence Pursuant To Section 99-19-83. Chapman Would Assert Here That The State's Exhibit "1" is insufficient To Prove His HABITUAL OFFENDER STATUS Pursuant To § 99-19-83. The Mississippi Supreme Court Further Held in Grayer VS. State, 120 So. 3d 964 (2013), That "The best Evidence Of a Conviction, For Purpose Of HABITUAL Offender Sentencing, is The Judgment Of Conviction".

CANDACE J. WHEELMAN, The Director, Of Sentence Management Services Did NOT ~~Appear~~ At The Sentencing Hearing To TESTIFY Concerning Chapman's Prior Convictions As She Stated in Exhibit "E." - - - Under The Requirements Of The INTERVENING DECISION OF The United States Supreme Court in BULLCOMING VS. NEW MEXICO, 131 S. CT. 2705, U.S. (No. 09-10867) (June 23rd, 2011). The Petitioner Was Denied Due Process Of Law, in Violation Of The 5th And 14th Amendment TO The United States Constitution Where The Prosecution Failed TO introduce Testimony From The Witness Which Certified The Documents Used To Prove Prior Convictions Which Thereby Deprived The Petitioner Of His Right To Confrontation And Thereby invalidate The Habitual Portion Of The indictment and Sentence imposed".

In The Case At Bar, Exhibit "E" Does Not indicate Any JUDGMENT OF CONVICTIONS To Prove That Chapman Was Convicted Of ~~Any~~ Of The Crimes (Prior Convictions) Used To

9

Enhance Chapman's Sentence As An Habitual Offender Pursuant To §99-19-83. The Habitual Portion Of Chapman's Sentence is ILLEGAL and Should be Vacated. EXhibits "E" And "F" Are both insufficient To Prove Prior Convictions Used To Enhance Chapman's Sentence As An Habitual Offender Pursuant To §99-19-83. EXhibit "E" indicates A Date OF September 9th 1993 For Sentencing, EXhibit "F" indicates A Date OF September 8th 1993. For Sentencing, For Attempted Second Degree Murder. Case NO. 93-10011. For The Sale OF Cocaine Case No. 93-06844 EXhibit "E" indicates A Three Year Sentence, Which is 1,095 Days, EXhibit "F" indicates For The Same Charge 906 DaYs. This EVidence is insufficient To Prove Chapman's Prior Convictions beYond A Reasonable Doubt.

CHAPMAN Has Proved That The State Failed it's Burden Of Proof beYond A Reasonable Doubt. it's VerY Clear That The State introduced into EVidence EXhibit "E" To Prove Chapman's Prior Convictions Which Does Not indicates AnY Judgment OF Convections. EXhibit "F" The Sentencing Hearing Record indicates That The State's EXhibit "1" Chapman's EXhibit "E" Was Used To Enhance Chapman's Sentence As A Habitual Offender Pursuant To Section 99-19-83. The Habitual Portion Of Chapman's Habitual-Offender Sentence Enhancement Should be Vacated because The State Failed To Prove Chapman Was A Habitual Offender by Competent EVidence Pursuant To Section 99-19-83.

In SUPPORT OF This Argument Chapman Cites The Following Authority, Short VS. State, 929 So. 2d 420 (miss. 2006) Cox VS. State, 586 So. 2d 761 (miss. 1991), Smith VS. State, 477 So. 2d 191 (miss. 1985), USry And Barrett VS. State, 378 So. 2d 635 (miss. 1979)

Vince Vs. State, 844 So. 2d 510 (Miss. 2003), ARD Vs. State, 403 So. 2d 875 (Miss. 1981), Akins Vs. State, 493 So. 2d 1321 (1986), Williams Vs. State, 131 So. 3d 1174 (2014), Keyes Vs. State, 549 So. 2d 949, 951 (Miss. 1989), Debussi Vs. State, 453 So. 2d 1030 (Miss. 1984), 28 U.S.C.A 31739, Rules 901 and Rule 902 Of the Mississippi Rules Of Evidence, King Vs. State, 527 So. 2d 641, 646 (Miss. 1988), McCormick On Evidence, 3 2§8 at 700 (E. Cleary ed. 1984), Pace Vs. State, 407 So. 2d 530 (Miss. 1981), See Also, Apprendi Vs. New Jersey 530 U.S. 466 (2000).

In Sum, Chapman Asserts That the Habitual Portion Of His Sentence is ILLEGAL because The State Failed To Prove His Habitual-Offender Status With Competent Evidence. Exhibit "E" Evidence is insufficient. Chapman Further Asserts That He Has A Fundamental Right To be Free Of an ILLEGAL Sentence, See Rowland Vs. State, 42 So. 3d 503 (2010) Rowland Vs. State, 98 So. 3d 1032 (2012), Ivy Vs. State, 731 So. 2d 601, 603 (Miss. 1999), See Also Grayer Vs. State, 120 So. 3d 924 (2013).

The Habitual-Offender Sentence imposed Upon Chapman is ILLEGAL, That Sentence should be Vacated, And Chapman Resentenced, in Violation Of DUE PROCESS.

IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

## ARGUMENT

(ISSUE #2, Whether Count #1 For Conspiracy) OF Chapman's indictment is Defective For The Failure TO Charge An Element OF THE OFFENSE:

## ANALYSIS:

Whether A Specific Person, As The Intended Victim OF a "Conspiracy," Must Be Named in The Indictment.

The Issue Here Involves Count #1 OF Chapman's Indictment Exhibit "A" Attached Hereto, The Conspiracy Charge. The Conspiracy Count Provides:

"That Joshua D. Chapman (a/k/a Joshua D. Jackson) And Robert Chapman, Late OF The County And State aforesaid, On Or About The 26th day OF DECEMBER, in The Year OF Our Lord 2006, in The County And Said State aforesaid, And Within The Jurisdiction OF This Court, did Wilfully, Unlawfully And Feloniously, Conspiry Agree, Conspire And Confederate, each With The Other And With divers others To The Grand Jury Unknown, To Commit A Crime, To-Wit: Armed Robbery, in direct Violation OF Section 97-1-1(a), Mississippi Code 1972 Annotated, As Amended, Contrary To The Form OF The Statute in Such Cases Provided, And Against The Peace And dignity OF The State OF Mississippi."

12

In Sanderson Vs. State, 883 So. 2d 558, Decided September 23rd, 2004, The Court Of Appeals For The State Of Mississippi Majority Reversed The Conspiracy Conviction because Count #2 Does Not List Gary Mullins as The Victim Of The Aggravated Assault. The Court Of Appeals Majority Cites Burks Vs. State, 770 So. 2d 960, 963 (miss. 2000), Which States, "An indictment Must State The name Of The Victim Of An Offense Where That is An element Of The Offense...." We Agree That This is A Correct Statement Of The Law.

Chapman's Issue And Argument is Very Similar To "Sanderson's". Count #1 Of Chapman's indictment For Conspiracy Fails To List The intended Victim Of Their Conspiracy Which name is "Donna Ozment." Her name Appears in Count #2 Of Chapman's indictment, Exhibit "A", Count #2 is the Armed Robbery Count. Chapman Would Assert Here That Count #1 The Conspiracy Count is Defective because it Fails To List "Donna Ozment's" Name, The intended Victim Of A Conspiracy, Which is an Element Of The Offense in Support Of This Issue And Argument See Burks Vs. State, 770 So. 2d 960, 963 (miss. 2000).

In The Case At Bar, Donna Ozment According To Count #2 Of Chapman's indictment Exhibit "A", Was The Victim Of an Armed Robbery, Count #1 Charges Chapman With Conspiracy To Commit armed Robbery, Donna Ozment Was The intended Victim Of A Conspiracy And Donna Ozment's Name Should Have been Listed in The Conspiracy Count, Count #1 as an Element Of The Offense in Burks Vs. State, 770 So. 2d 960, 963 (miss. 2000), The Court Held That, "An indictment Must State The name Of The Victim Of An

13

Offense Where That is An Element Of The Offense.

Chapman Would Assert Here That "Count #1" Of His Indictment Exhibit "A" For Conspiracy is Defective Because it Failed To Include The Conspiracy Elements. The Trial Record Reflects That Joshua Chapman testified That He And Petitioner Chapman "Agreed" To Pull Off A Robbery" (T. 199). A Jury Found Petitioner Chapman Guilty Of Conspiracy To Commit Armed Robbery, The Trial Record Would Further Reflect That Joshua Chapman Entered A Plea Of Guilty To The Charge Of "Conspiracy To Commit Armed Robbery".

In Graham Vs. State, 204 So. 3d 329 (Miss. Ct. App. 2016), The Court Held That,____"A Conspiracy Occurs When Two Or More Persons Conspire To Commit A Crime". Miss. Code Ann. 597-1-1(a)(2006). "For There To be A Conspiracy," There Must be Recognition On The Part Of The Conspirators That They Are Entering into A Common Plan And Knowingly intend To Further its Common Purpose". The Conspiracy Agreement Need Not be Formal Or Express, but May be inferred From The Circumstances, Particularly by declarations, Acts, And Conduct Of The Alleged Conspirators".

Count #1 Of Chapman's indictment For "Conspiracy" is Clearly Defective For Failure To Charge An Offense, The Conspiracy Count, Count#1 Alleges No "Common Plan" And "Knowingly intend" "To Further its Common Purpose", And Without These "Conspiracy Elements", There is No "Conspiracy." Graham Vs. State, 204 So. 3d 329 (Miss. Ct. App. 2016).

14

Chapman Would Assert Here That Count #4 For "Conspiracy To Commit Armed Robbery" Failed To Give Him Adequate Notice Of The "Conspiracy To Commit Armed Robbery" Charge Against Him. The Court Further Held in Graham VS. State, 201 So. 3d 369 (Miss. Ct. App. 2016), Stating: "As Our Caselaw Establishes":

"The Purpose Of An Indictment is To Give The Defendant Reasonable Notice Of The Charges Against Him in Order That he May Prepare An Adequate Defense". Brawner VS. State, 947 So. 2d 254, 265 (Miss 2006), Citing Brown VS. State, 890 So. 2d 901, 918 (Miss 2004). Indictments Must Contain "A Plain, Concise, And Definite Written Statement Of The Essential Facts Constituting The Offense Charged And "Shall Fully Notify" The Defendant Of The Nature And Cause Of The Accusation". URCCC 7.06. The Ultimate Test For The Validity Of An indictment is "Whether The Defendant Was Prejudiced in Preparing His Defense". Medina VS. State, 688 So. 2d 727, 730 (Miss. 1996).

Prejudiced: Chapman Would Assert Here That He Was Prejudiced by The Defective Count, Count #4 For "Conspiracy To Commit Armed Robbery" because The Grand Jury Return The indictment Without Finding That Count #4 Failed To Charge An Offense, And Without Finding That The "Conspiracy Elements" Were Not Charged in Count #4. Chapman's Appeal Attorney Stated That He Searched The Record And The indictment And Found That Chapman Had No Arguable Issues For An Appeal. See Exhibit "G" Attached Hereto, Chapman Was Sentenced To Life Without Parole Or Probation For Count #4 And Chapman Was Denied His Right To A Meaningful Appeal. Prejudiced indeed.

Chapman Further Asserts That Count #1, "Conspiracy To Commit Armed Robbery", is Defective For Failure To Provide The Elements Of The Crime, And that Count #1 is insufficient, For Failure To Charge An Offense. Chapman Asserts Here That The Defective Count, Count #1 Prejudiced Him 100% because it Fails To Charge The Offense For Which He Was Convicted.

In United States VS. Cabrera-Teran, 168 F. 3d 141 (1999) The United States Court Of Appeals For The Fifth Circuit, Held That... "To be Sufficient, An indictment MUST Allege EACH Material Element Of The Offense; "if it does not", it Fails To Charge That Offense". This Requirement Stems directly From One Of The Central Purposes Of An indictment": To Ensure That The Grand Jury Finds Probable Cause That The defendant Has Committed EACH Element Of The Offense" hence Justifying A Trial As Required by The U.S. Const. Amend. V."

In "Cabrera-Teran", The Court Further Held that "The indictment Ensures That the Grand Jury Has Had The Opportunity To Review Evidence Supporting, And Find Sufficient Cause To Charge A defendant With, Each Element Of The Offense before The Court May Entertain Prosecution". "Only The Appearance in The indictment Of All Of The Offenses Elements Meet This Requirement".

Chapman's Indictment Exhibit "A", Count #1 Fails To Meet the Proper Requirements, Therefore, Count #1 "Conspiracy To Commit Armed Robbery", is Defective And insufficient For Failure To Charge An Offense. Count #1 For "Conspiracy To Commit Armed Robbery" Should be Vacated.

16

The Court Also Held in United States Vs. Laborera-Teran, 168 F. 3d 141 (5th Cir. 1999), "To Guarantee The Right To be Tried only After indictment, The Grand Jury MUST Consider And Find Evidence Supporting all of The Crimes Elements", in Headnote 1, The Court Also Stated: "We Review de novo A Challenge to the Sufficiency of an indictment". United States Vs. Fitzgerald, 89 F. 3d 218, 221 (5th Cir. 1996). "An indictment's Failure To Charge an Offense Constitutes A Jurisdictional defect". because An indictment is Jurisdictional, defendants at any Time MAY Raise An Objection To The indictment based on Failure To Charge an Offense, And the The defect is "NOT Waived by A Guilty Plea". Morales-Rosales, 838 F. 2d 1359 at 1361-62; See Also FED. R. CRIM. P. 12 (b)(2). "if An Objection is Raised For The First Time On Appeal And The Appellant does Not assert Prejudice, ... the indictment is to be Read With maximum liberality Finding it Sufficient unless it is So defective That by any Reasonable Construction, it Fails To Charge The Offense For Which The defendant is Convicted". Fitzgerald 89 F. 3d at 221.

In Bishop Vs. State, 812 so. 2d 934 (2002) The Supreme Court of Mississippi Affirmed The Jury Verdict And The imposition of The death Penalty by The Circuit Court ... And Went On To State in Headnote 7 That, --- "The Supreme Court of Mississippi Will Reverse Any Case Upon Which A defendant Was Convicted On An Element of The Offense Not Contained in The indictment".

Chapman Asserts Here That He's Entitled To That Reversal on Count 1, "Conspiracy To Commit Armed Robbery" For Failure To Charge an Element of The Offense.

17

IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

**ARGUMENT**

**ISSUE #3** Whether The Trial Court Judge Was Without The Authority To Sentence Chapman To Life imprisonment Pursuant To a Jury Finding Chapman Guilty Of Armed Robbery Pursuant To Miss. Code Ann. 397-3-79 (Supp. 2010), And The Jury "NOT" Fixing The Penalty At imprisonment For Life in The State Penitentiary, Under Miss. Code Ann. 397-3-79 (Supp. 2010).

PETITIONER Chapman Would Assert Here That The Trial Court Judge Was Without The Authority To Sentence Him To imprisonment For Life in the State Penitentiary For The Offense Of "ARMED ROBBERY" Pursuant To Miss. Code Ann. 397-3-79 (Supp. 2010).

Chapman's Indictment Exhibit "A" Attached Hereto Clearly indicates That Chapman Was Charged in Count #1, CONSPIRACY To Commit The Crime Of "ARMED ROBBERY", in direct Violation Of Section 97-1-1(a), And Count #2 Charges Chapman With The Offense Of "ARMED ROBBERY" by The Exhibition Of a deadly Weapon To-wit: a Handgun, in direct Violation Of Miss. Code Ann. 397-3-79. Cause No. CR2007-0312 CD.

EXhibit "B" Attached Hereto, DENIAL OF POST-TRIAL MOTIONS, HABITUAL OFFENDER HEARING And SENTENCE OF THE COURT, indicates That it Was The Trial Court Judge And "Not The Jury" That Sentenced Chapman To Serve A Term Of "Life" "IMPRISONMENT, And Life imprisonment, Without The Eligibility For Parole, AS A "HABITUAL OFFENDER" Under Miss. Code Ann. Section 99-19-83, For The Conviction OF "ARMED ROBBERY" Under Miss. Code Ann. 397-3-79 (SUPP. 2009-2010). Cause NO. CR2007-312-CD.

PETITIONER Chapman Would Assert Here, And "State The "Claim" OF AN "ILLEGAL SENTENCE" Pursuant TO The Trial Court Judge imposing Life imprisonment in The State Penitentiary (in The Custody Of The Mississippi Department Of Corrections) Upon A Conviction For "ARMED ROBBERY" Pursuant TO Miss. Code Ann. 397-3-79, When The Statute Clearly Prohibits The Trial Court Judge From imposing "Life" imprisonment in The State Penitentiary" Upon A Conviction" For "ARMED ROBBERY" Pursuant To Miss. Code Ann. 397-3-79.

PETITIONER Chapman Would Assert Here That His "Claim" OF An "ILLEGAL SENTENCE" IS NOT Time-barred Under The Three-Year Statute OF Limitations OF The "Uniform Post-Conviction Collateral Relief Act" (UPCCRA) because The State is Without The Authority Of Right TO impose A "Sentence "ILLEGALLY" Or Without DUE PROCESS. U.S.C.A. Const. Amend. 5, 14; Also in Support Chapman Cites The Authority OF Rowland VS. State, 42 So. 3d 503 (2010), And Rowland VS. State, 98 So. 3d 1032 (2012).

In Support Of His Claim And Argument That The Trial Court Judge Was Without The Authority To impose "Life imprisonment in The State Penitentiary" Upon a Conviction For "Armed Robbery" Under Miss. Code Ann. § 97-3-79. Chapman Cites Mississippi's "Armed Robbery" Statute § 97-3-79. Robbery; Use Of deadly Weapon". Which Provides That: "Every Person Who Shall Feloniously take or Attempt to take From The Person Of From The Presence The Personal Property Of Another And Against his Will by Violence to his Person Or by Putting Such Person in Fear Of immediate injury To his Person by The Exhibition Of A deadly Weapon Shall be guilty Of Robbery And, Upon Conviction, Shall be imprisoned for Life in The State Penitentiary if The Penalty is So Fixed by The Jury; And in Cases Where The Jury Fails To Fix The Penalty At imprisonment for Life in the State Penitentiary The Court Shall Fix The Penalty At imprisonment in The State Penitentiary for Any term Not less Than Three (3) Years". § 97-3-79. (Supp. 2009-2010-2011).

In Further Support Of His Claim And Argument That The Trial Court Judge Was Without The Authority To impose a term Of "Life imprisonment in The State Penitentiary," Upon a Conviction Of "Armed Robbery" Under Miss. Code Ann. § 97-3-79, Chapman Cites The Authority Of Kennedy Vs. State, 626 So. 2d 103, (Decided October 21, 1993), No. 91-KP-0712. A Similar Claim And Argument Like Chapman's. "Kennedy" Was Also Charged With "Armed Robbery" Like Chapman, And Was Sentenced To 99 Years in Which The Supreme Court Of Mississippi Considered A Life Sentence, And Held That, The Sentencing Court Had EXCeeded it's Statutory Authority. The Supreme Court Of

Mississippi. Reversed And Remanded As To The Lower Court's Denial Of Relief Of 99-Year Sentence For "Armed Robbery". Kennedy vs. State, 626 So. 2d 103 (1993 Miss.).

A Sentencing Claim May be Exempt From Such Procedural bars Of The Mississippi Uniform Post Conviction Collateral Relief Act. See Miss. Code Ann. §§ 99-39-5 (2), §99-39-21 (3) (Supp. 1992). Where it is Clear From The Record That The Circuit Court Has Exceeded its Statutory Authority in Sentencing And Fundamental Constitutional Rights may be involved.

Like "Kennedy," Chapman Will Also Rely On Stewart vs. State, 372 So. 2d 257 (miss. 1979). in Support Of His Claim And Argument, That The Trial Court Judge Exceeded it's Statutory Authority in Sentencing Chapman To "Life imprisonment in The State Penitentiary" Upon Conviction For "Armed Robbery" Under Miss. Code Ann. §97-3-79. "Stewart" Was Also Convicted Of "Armed Robbery" Pursuant To Miss. Code Ann. §97-3-79.(1992). Like "Kennedy" And Petitioner Chapman, in "Stewart's" Case, The Jury Failed To Fix His Penalty At Life imprisonment, And The Trial Court Subsequently Sentenced "Stewart" To 75 (Seventy-Five)Years in Prison. The Supreme Court Of Mississippi Found That A Seventy-Five (75) Year Sentence Was in Effect A Life Sentence, And That Such A Sentence Was Outside The Trial Court's Authority Under §97-3-79. The Supreme Court Of Mississippi Reversed "Stewart's" Sentence And Remanded "For Sentencing For A definite term Reasonably Expected to be less Than Life". "Stewart", 372 So. 2d At 259.

21

In This "Argument" And "Claim" Of An "Illegal Sentence", This Claim is Not Time-barred, See Rowland Vs. State, 42 So. 3d 503 (2010), Rowland Vs. State, 98 So. 3d 1032 (2012). ———— The Supreme Court Of Mississippi Has Repeatedly Held That Such a Claim may be Exempt From Such Procedural bars Where it is Clear From The Record That The Circuit Court Has Exceeded its Statutory Authority in Sentencing And Fundamental Constitutional Rights may be involved. Luckett Vs. State, 582 So. 2d 428 (Miss. 1991), Grubb Vs. State, 584 So. 2d 786 (Miss. 1991).

Like "Kennedy" And "Stewart", Petitioner Chapman is Entitled To Have The Portion Of The Circuit Court's Order Which Pertains To Chapman's "Armed Robbery" Conviction Reversed and Remanded For ReSentencing under The Guidelines Of "Kennedy" And "Stewart." ——— Petitioner Chapman Has a Fundamental Right To be Free Of an "Illegal Sentence." See Grover Vs. State, 120 So. 3d 964 (2013).

22

IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

ARGUMENT

ISSUE #4, Whether Chapman Was Denied His Right To An Appeal In Violation Of Due Process.

Petitioner Chapman Would assert Here That He Was Denied His Right To An Appeal BY Attorney W. Daniel HinchCliff, In Violation Of Due Process Of the Fourteenth Amendment....

When Chapman Was Found Guilty Of "Conspiracy" To Commit "Armed Robbery," And ARMED ROBBERY And Sentenced To Life imprisonment Without The Possibility Of Parole Or Probation, Attorney HinchCliff Gave a "Statement Of Counsel", Stating That He Could Not Find Any ISSUES That Could be Presented To The Court Of Appeals. See, Exhibit "L" Statement Of Counsel, Attached Hereto.

In His "Statement Of Counsel", Attorney HinchCliff Stated That He Diligently Searched The Entire Record High And Low And Found "NO" ARGUABLE ISSUES TO Present To "The Court Of Appeals. The "Statement Of Counsel", Exhibit L Speaks For itself.

Chapman Had a Right To An Appeal Pursuant To Miss. Code Ann. § 99-35-101, The Statute Provides That: "Any

23

Person Convicted Of An Offense in a Circuit Court May Appeal To The Supreme Court. However, Where The Defendant Enters a Plea Of Guilty And is Sentenced, Then No Appeal From The Circuit Court To The Supreme Court Shall be Allowed". MCA § 99-35-101.

The Record Will Reflect That Petitioner Chapman Went To Trial And Was Found Guilty by a Jury in The Circuit Court Desoto County, Mississippi On The Charges Of "Conspiracy To Commit Armed Robbery", And "Armed Robbery" Case No. CR2007-0312 CD.

Petitioner Chapman Would Assert Here That He Has a Right To an Appeal Pursuant To The "Mississippi Rules Of Appellate Procedure", "Appeals From Trial Courts", Rule #3.

To Prevail On This Issue Petitioner Chapman Must Demonstrate That He Has Atleast "One" Arguable Issue because Attorney Hinchliff Stated in His "Statement Of Counsel" Exhibit "C" Attached Hereto That He Could Find "No" "Arguable issues" To Present To The Court Of Appeals, On behalf Of Petitioner Chapman.

Chapman Would Direct The Court's Attention To His Motion For Post-Conviction Collateral Relief, "Argument," and "Issue #1," When The Court Review "Argument and issue #1" And Reviews The Record And All The Evidence, The Court Will Find That The State Failed To Prove Chapman's Offender, Habitual Offender Status, Pursuant To Miss. Code Ann. § 99-19-83. The Court Will Find That "The States Exhibit" Marked as "Exhibit E" in These Proceedings is insufficient To Prove Chapman's Habitual Offender Status Pursuant To MCA § 99-19-83. The State Presented "No" "Judgment Of Convictions" To Help Prove Chapman's Habitual

24

Offender Status. As Chairman argued, the Mississippi Supreme Court made it clear and stated in Greer Vs. State, 120 So 3d 964 (2013), that, "--- the best evidence of a conviction for purposes of habitual offender sentencing, is the Judgment of Conviction".

When the Court review "Argument" and "Issue#1" of Chairman's Motion for Post Conviction Collateral Relief, it will find that the State failed to prove Chairman's Habitual-Offender Status with competent evidence. The Court will find that the State's Exhibit I, marked as "Exhibit E" in these proceedings attached hereto, State's "No" Judgment of Convictions for the prior convictions used to enhance Chairman's sentence as a Habitual Offender pursuant to Miss. Code Ann. § 99-19-83. Chairman's State of Tennessee Pin Pack "Exhibit E," The State's "Exhibit I" failed to show that Chairman was convicted for any of the offenses used to enhance Chairman's Sentence as a Habitual Offender. And the record will reflect that Candace J. Whisman, never testified concerning The State of Tennessee Pin Pack she sent to the District attorney's Office, according to the "Intervening Decision" of the United States Supreme Court in Bullcoming Vs. New Mexico, 131 S. Ct. 2705, U.S. (No. 09-10876)(June 23rd, 2011), The State's "Exhibit I" is insufficient to prove Chairman's Habitual Offender Status pursuant to Miss. Code Ann. § 99-19-83. --- "Argument" and "Issue#1" is an "Arguable Issue," and Chairman should have had an appeal.

Chairman directs the Court's attention to "Argument" and "Issue#2" of his Motion for Post Conviction Collateral Relief, in Issue#2 Chairman is claiming that Count #1 of the indictment Exhibit "A" for "Conspiracy To Commit Armed Robbery" is defective for

35

Failure To Charge the Element Of The Offense. Petitioner Chapman Would assert Here That in Reviewing "Argument" And "Issue #2" The Court Will Find That Count #1 Of Chapman's indictment Exhibit "A" Fails To include The "Elements Of Conspiracy" As Solved.

Chapman's Cites The Authority Of Graham Vs. State, 204 So. 3d 309 (Miss. Ct. App. 2016). To Help Prove That Count #1 For "Conspiracy To Commit Armed Robbery" is Defective For Failure To include The "Elements Of Conspiracy," And To Demonstrate That "Argument" And "Issue #2" is an "Arguable Issue".

Chapman Would Assert Here That Count #1 in His indictments Exhibit "A", Attached Hereto For "Conspiracy To Commit Armed Robbery" is Clearly Defective For Failure To Charge the Offense. The Conspiracy Count, Count #1 Alleges "No Common Plan" And "Knowingly intend" To Further it's Common Purpose", And Without These "Conspiracy Elements" There is No Conspiracy". in Support See Graham Vs. State, 204 So. 3d 329 (Miss. Ct. App. 2016).

Chapman Asserts Here That Count #1 For "Conspiracy To Commit Armed Robbery" Fails To Give Him "Adequate Notice" Of The "Conspiracy To Commit Armed Robbery Charge Against Him". in Reviewing "Argument" And "Issue #2" in Chapman's Motion For Post Conviction Collateral Relief, The Court Will Find That Count #1 "is Not A Plain, Concise, And Definite written Statement Of The Essential Facts Constituting The Offense Charged". And "Does Not Fully Notify" Chapman Of The "Nature" And "Cause Of The Accusation", See Circuit Court Rule #7.06. The Ultimate Test For The Validity Of An indictment is "Whether Chapman Was Prejudiced in Preparing His Defense". in Support See Medina Vs. State 688 So. 2d 727, 730 (Miss. 1996). Chapman Was Prejudiced by The Defect.

26

Chapman Would Assert Here That "Argument" And "Issue #2" is an "Arguable issue". Count #1 For Conspiracy To Commit Armed Robbery is Defective For Failure To Provide The Elements Of The Crime, And is insufficient For Failure To Charge an Offense, Chapman asserts Here That Count #1 Prejudiced Him 100% because it Fails To Charge The Offense For Which He Was Convicted.

On The Issue Of Elements Of The Offense, See United States Vs. Cabrera-Teran, 168 F. 3d 141 (1999), Federal Rule Of Criminal Procedure Rule #12(b)(2), See Also Bishop Vs. State, 812 So. 2d 934 (2002) And See "Argument" And "Issue #2", Which is No Doubt An "Arguable Issue".

Next, Chapman Directs The Court's Attention To "Argument" And "Issue #3" Of Chapman's Motion For Post-Conviction Collateral Relief. Chapman Would Assert Here That His Life Sentence is ILLEGAL as a Matter Of Law. Chapman asserts Here That This "Argument" And ISSUE #3 is No Doubt an "ARGUABLE ISSUE". it's Clear in This "Argument" And "ISSUE #3" That the Trial Court Judge Was Without The Authority To Sentence Chapman To Life imprisonment For The Crime Of "Armed Robbery" As Charged in Count #2 Of Chapman's indictment "Exhibit "A"" Attached Hereto.

To DEMONSTRATE That "Argument" And "ISSUE #3" is No Doubt an "ARGUABLE ISSUE". We First Look At the Trial Record And Exhibit Evidence attached hereto. EXHIBIT "B" indicates That The Trial Judge Sentenced Chapman To Life imprisonment For The Offense Of Armed Robbery, Hinchcliff as an attorney Should Have Known That a Judge Cannot Sentence a defendant

TO Life imprisonment for Armed Robbery Pursuant To SПΨ 3-79. The Statute of Law is Very Clear. See Kennedy VS. State, 626 So. 2d 103 (1993), See Also Stewart VS. State, 372 So. 2d 257 (miss. 1979.)

Chapman Received ineffective assistance of Lawser and Was Denied His Fundamental Constitutional Right To an Appeal in Violation of Due Process. See EVitts VS. Lucey, 469 U.S. 387 (1985). Strickland VS. Washington, 466 U.S. 668 (1984).

Chapman Was Denied His Right To an Appeal Due To Lawsel Hinchliff's ineffectiveness. Chapman Should be Granted The Relief Required So That He Can File a Meaningful Appeal.

IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

## ARGUMENT

### ISSUE #5, Whether Chapman Received Ineffective Assistance Of Counsel.

In This Argument Chapman Would Assert Here That He Received INEFFECTIVE ASSISTANCE OF Counsel in Violation Of His 6th And 14th Amendment Rights. ___The Sixth Amendment Provides Criminal Defendants With The Right To The EFFECTIVE Representation Of Trial Counsel. See e.g., Powell VS. Alabama, 287 U.S. 45, 66, 77 L. Ed 158, 63 S. Ct. 55 (1932).

Chapman's First Claim Of ineffective Assistance Of Counsel is Against Trial Counsel, Attorney John Watson Who Allowed Chapman To Proceed To trial On a defective indictment As Argued in "Argument", ISSUE # 2" in These Proceedings. Attorney Watson Also Allowed Chapman To be Sentenced as a Habitual Offender Pursuant To Miss. Code Ann. §99-19-83, The Evidence Presented Was Insufficient To Prove Chapman's Habitual Offender Status Under §99-19-83 as Argued in ISSUE #1. After Chapman Was Guilty Upon Conviction For Conspiracy To Commit Armed Robbery, And Armed Robbery, Attorney Watson Allowed Chapman To be Sentenced To Life For Armed Robbery Pursuant To Miss §97-3-79, by The Trial Judge, The Statute Of Law, §97-3-79 Prohibits a Trial Judge From imposing a Sentence Of Life in Prison For Armed Robbery. Chapman Would Assert Here That Trial Counsel, Attorney John Watson Provided INEFFECTIVE ASSISTANCE.

29

Chapman Cites The Authority Of Strickland Vs. Washington, 466 U.S. 668 (1984) in support Of His Claims Of Ineffective Assistance Of Counsel. The Right To Counsel is The Right To Effective Assistance Of Counsel, See Also McMann Vs. Richardson, 397 U.S. 759, 771, n. 14 (1970).

As Chapman's Trial Counsel, Attorney John Watson Had a Constitutional Duty To investigate And Prepare a Defense, House Vs. Balkcom, 725 F. 2d 608, 618 (11th Cir. 1984), And To Not Proceed With a Defense Without Evidence To Support it, Young Vs. Zant, 677 F. 2d 792, 798 (11th Cir. 1982).

Chapman Brings To The Court's Attention And Asserts That His Claims Of Receiving Ineffective Assistance is Not based On What Took Place During Trial, but, What Took Place before And After His Trial. —— As Counsel Failed To Protect His Legal Rights. Chapman Would Assert Here That Counsel Watson Deprived Him Of His Right To Effective Assistance by Failing To Render Adequate Legal Assistance.

Chapman Was indicted For "Conspiracy To Commit Armed Robbery", in Violation Of Section 97-1-1 (a), Count #1, And "Armed Robbery", in Violation Of Section 97-3-79, Count #2. —— Count #3 Was Dismissed, See Chapman's indictment, Exhibit "A" Attached Hereto. A Jury Found Chapman Guilty Of "Conspiracy To Commit Armed"; and "Armed Robbery" The Trial Court Judge Sentenced Chapman To Life On Each Offense as a Habitual Offender Pursuant To Miss. Code Ann. 99-19-83, See "Exhibit B" Attached Hereto.

30

Chapman Would Assert Here That He Received ineffective Assistance Of Counsel, — When Trial Counsel Proceeded To Trial On The Offense Of "Conspiracy To Commit Armed Robbery" Here, Trial Counsel Allowed Chapman To be Convicted Of A Crime That Failed To Charge The Elements Of The Offense. — Count (1) "Conspiracy To Commit Armed Robbery" Fails To include The Conspiracy Elements. in Smith Vs. State, 881 So. 2d 908 (miss. 2004), The Court Held That "For There To be a Conspiracy, there Must be A Recognition On The Part Of The Conspirators That They Are Entering into A "Common Plan" and "Knowingly intend To Further it's Common Purpose". Chapman's Trial Counsel Should Have Known The Elements Of "Conspiracy", and Had The Conspiracy Count, Count (1) Dismissed For Failure To Charge an Offense; Here, Counsel's Representation Fell below An Objective Standard Of Reasonableness, Chapman Was Prejudice by Counsel's Performance, and There is a Reasonable Probability That, but For Counsel's Unprofessional Errors, The Result Of The Proceeding Would Have been Different.

Petitioner Chapman Would Assert Here That Trial Counsel's Conduct Was Unreasonable Resulting in ineffective Assistance. There is No Trial Strategy To this Argument And Counsel Should Have Notice The Defect in The Conspiracy Count; Chapman Was Prejudice by Trial Counsel's Deficient Performance; When The Trial Judge Sentenced Chapman To Life imprisonment Without The Possibility Of Parole For a Crime that Fails TO Charge an Element Of The Offense.

Chapman Would Assert Here That Trial Counsel Provided ineffective Assistance When He Failed TO Object TO The Trial Judge Sentencing Chapman TO Life imprisonment For armed Robbery.

Trial Counsel Committed an Error When He Allowed Chapman To be Sentenced To Life imprisonment For Armed Robbery Pursuant To MCA 397-3-79, Which Prohibits a Trial Judge From imposing a Sentence OF Life imprisonment For Armed Robbery. Only a Jury Can Fix The Penalty OF Life imprisonment For Armed Robbery. See Miss. Code Ann. 397-3-79.

Chapman Would Assert Here That There is a Reasonable Probability That, but For Counsel's unprofessional Errors, the Result OF Chapman's Sentence, And The Sentencing Proceedings Would Have been different, because a Trial Judge Cannot impose a Sentence OF Life For Armed Robbery Pursuant To MCA 397-3-79. Chapman Would Assert Here That He Was Prejudiced by Counsel's Errors Which Resulted in Chapman Receiving an Illegal Sentence, Which affects Chapman's Fundamental Constitutional Right To be Free From An ILLEGAL SENTENCE, See Rowland Vs. State, 42 So. 3d 503 (2010), Rowland Vs. State, 98 So. 3d 1032 (2012), Grayer Vs. State, 120 So. 3d 964 (2013). Trial Counsel Was Ineffective. And Chapman Received ineffective Assistance OF Counsel.

After Chapman's Trial The Court Appointed W. Daniel Hinchcliff, indigent Appeals Division, Office OF State Public Defender For Chapman's Appeal. Attorney Hinchcliff Filed His Brief OF The Appellant, Within The Brief Counsel Hinchcliff Made A "Statement OF Counsel" Stating That He Found "No Arguable Issues" For an Appeal For Chapman See "STATEMENT OF Counsel" "Exhibit G" attached Hereto. iF This Court Find in Chapman's Motion For Post Conviction Conservery Relief any Issue Raised To be an "Arguable Issue" With Merits Then This Court Will Find That Chapman Received Ineffective Assistance

Of Counsel, And Was Denied His Right To See An Appeal. See Evitts Vs. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed 2d 821 (1985).

Hinchcliff Just Flat Out and Denied Chapman His Right To See Appeal and Effective assistance Of Counsel as an attorney Hinchcliff Should Know The Law. Hinchcliff Should Know That a Trial Judge Cannot impose A Life Sentence Upon a Conviction For Armed Robbery Pursuant TO MCL 397-3-79. in His "Statement Of Counsel" Exhibit C," Hinchcliff Stated That He Searched The Entire Record. Right Now Chapman is Serving an Illegal Life Sentence, That's an "Arguable issue". --- Trial Counsel Allowed The Trial Court Judge TO impose The Illegal Life Sentence, Which affects Chapman's Fundamental Constitutional Right TO be From An Illegal Sentence Trial Counsel Was ineffective, ineffective assistance Of Counsel Claim On Trial Counsel, that's an "Arguable issue",

There are Elements in Every Criminal Offense, And Lawyers Should Know The Elements Of Each Criminal Offense, The Statutes Provide Them "Conspiracy". When Chapman Was indicted For "Conspiracy TO Commit Armed Robbery," The lawyers Required TO Prove That Chapman Knew That He Was Entering a (Common Plan) and (intended TO Further it's Common Purpose). it's Clear From Missing Elements in The Conspiracy Count, Counts that The indictment Was (is) insufficient TO inform Chapman Of The Crime Of Conspiracy Which He Was Charged. Another "Arguable issue".

Chapman Received ineffective assistance Of Counsel From Two Lawyers, And He Should be Granted Relief, and appointed Counsel TO File His Direct Appeal.

In The Circuit Court Of DeSoto County, Mississippi

## Argument

### Issue #6, Whether Chapman's Indictment Is A Legal Document

Chapman Would Assert Here That His Indictment Does Not Meet The Requirements Of Miss. Code Ann § 99-7-9 PRESENTMENT, Chapman's Indictment Exhibit "A" Attached Hereto Is Not Sufficiently Identified As The Indictment Returned Against Chapman by The Grand Jury And Upon Which He Was Tried And Convicted because Of Absence Of Filing indorsement Of The Circuit Clerk Required by Code 1906, Section 1418, Hemingway's Code 1927, Section 1235.

Chapman Submits That The Indictment Exhibit "A", Has Not been Marked Filed by The Clerk Nor Dated as Require by Law And For This Reason is Utterly Void And The Judgements Should be Reversed. Smith Vs. State, 58 Miss. 867, Cooper Vs. State, 59 Miss. 267, Section 1235 Of Hemingway's Code 1927, Holland Vs. State, 60 Miss. 939, Lea Vs. State, 64 Miss. 294, Stanford Vs. State, 76 Miss. 257, Pond Vs. State 47 Miss. 39,

Chapman's Position is That The indictment Exhibit "A" Attached Hereto, in The Record is Not Sufficiently Identified as The Indictment Returned Against Him by The Grand Jury, And Upon Which He Was Tried And Convicted, because Of The Absence

44

OF The Filing indorsement OF The Clerk OF The Court, in support Stanford VS. State, 76 Miss. 257, 24 So. 536. in "Stanford", The Court Held that, "The Clerk's Filing indorsement On The indictment Was The Exclusive Legal Evidence OF The Finding and Presentation OF The Indictment".

THE Law Requires that The indictment must be marked Filed by The Clerk OF The Court, and that Such Entry be dated and Signed by The Clerk. See LRCCC Rule 7.06 Indictments See Also, Watts VS. State, 981 So. 2d 1034 (miss. Ct. App. 2008), Hunt VS. State, 11 So. 3d 764 (miss Ct. App. 2009), Jones VS. State, 356 So. 2d 1182 (miss. 1978).

Chapman's Indictment Exhibit "A" Attached Hereto Fails The Requirements OF being a Legal Documents Chapman's indictment is Not Signed by The Clerk, Nor Has it been Stamped "FILED" With The Court, And Under Mississippi's Law Chapman's indictment is Not a Legal Document, See Williamson VS. State, 64 Miss. 229, 1 So. 171 (1887). Chapman's indictment is invalid and His Convictions Should be Reversed.

It's Very Clear And Simple, That The Failure OF The Clerk TO Put His/Her Filing indorsement On The indictment Would Render The Entire Proceeding Void, And Chapman is Entitled To His Discharge.

Chapman's indictment Has been Certified As A True Copy, but not Signed by The Circuit Court Clerk, The endorsement by The Foreman Together With The Marking, Dating and Signing by The Clerk Shall be The Legal Evidence OF The Finding and

Presenting To The Court Of The indictment. Chapman's indictment Has Not been Filed in The Court by it's Clerk, Therefore, There is is no Legal Evidence identifying it. And the Judgment Of Chapman's Convictions Should be Reversed and Chapman discharged, by The Stated Laws Of the State OF Mississippi.

The Remedy For This Violation by Law is that Chapman's Convictions, Judgment Of Conviction be Reversed And Chapman Discharged. ---, Trial Counsel Was ineffective For allowing Chapman To be Convicted On Such an Illegal indictment, Which Prejudice Chapman's Right To Fairness. And Violated Chapman's Fundamental Constitutional Rights.

Chapman is Entitled To Relief.

In The Circuit Court Of DeSoto County, Mississippi

Robert Smith:

Chapman Respectfully Requests That This Honorable Court Will Relief in the intrest Of Justice and Fairness, And Appoint Counsel So that Chapman's Appeals Can be Reinstated, and And All Other Relief This Court Deems Fair and Just Should be Granted.

Robert Clap

Robert Chapman
Petitioner Prose

This the 2 day of July , 2019

37

IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

## CERTIFICATE OF SERVICE

This is To Certify That I Have This Date, Caused To be Mailed, Via United States Mail, Postage Prepaid, A True And Correct Copy Of The Above And Foregoing Pleading To:

Dale K. Thompson
Circuit Court Clerk
2535 Hwy. 51 S.
Hernando, MS. 38632

So Certified, This The 2 day Of July , 2019

Robert Clgo
Robert Chapman, Petitioner ProSe

Robert Chapman
MDoc #163212
MCCF \ Dorm, Bravo 2
833 West Street
Holly Springs, MS. 38634

38

Additional Grounds

10

Ground Five: Whether Chairman Receive Ineffective Assistance of Counsel

(A) Supporting Facts (Do not argue or Cite law Just State The Specific Facts That support Your Claim):

Chairman's Defense Lawyer Stated That He Found No Errors For Appellate Review (see Exhibit "G" Attached). Chairman is Trying To Raise Six (6) issues On The Trial Level. (Errors Lawyer Failed To Find).

Ground Five is being Raised For The Very First Time, See Attached Application and Post Conviction Relief Attached.

Ground Six: Whether Chairman's indictment is a Legal document

(A) Supporting Facts (Do not argue or Cite law Just State The Specific Facts That support Your Claim):

Chairman's indictment does Not Meet The Requirements Of The Presentment Statute.

Ground Six is being Raised For The Very First Time, See Attached Application and Post Conviction Relief Attached.

Page 10 Continues

Additional Grounds:

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

See Attached Exhibit "G"

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: Application For leave TO Proceed in The Trial Court To File motion For Post-Conviction Relief (See Attached PCR)

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ☑ No ☐ See Attached Application And PCR

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: All Grounds Were Presented TO The Supreme Court On Application For leave TO Proceed in the trial Court TO File motion For Post-Conviction Relief (See Attached)

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: All Grounds Were Presented TO The Supreme Court On An Application For leave TO Proceed in The Trial Court TO File motion For Post-Conviction Relief (See both Attached).

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available: Direct Appeal Case No. date OF Court decision Result And The Court's Opinion is Not Available.

These Six issues Could have been Presented if Not For Cansler's ineffectiveness And denying Chatman's right TO An Appeal. (See Exhibit G Attached).

Page 12

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☐ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: *John Watson*

(b) At arraignment and plea: _____

(c) At trial: *John Watson*

(d) At sentencing: *John Watson*

(e) On appeal: *See Exhibit C attached*

(f) In any post-conviction proceeding: *See attached application For Leave To Proceed in The Trial court To File Post-Conviction Relief* *(Pro Se)*

(g) On appeal from any ruling against you in a post-conviction proceeding: *See attached Pro Se application and motion For Post-Conviction Relief attached.*

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

Page 13

18. **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner is Claiming An illegal Sentence which does not bar This Petition in Part The State Failed To Prove Chapman's Habitual Offender Status in violation Of due Process 14th Amendment, An illegal Sentence is Fundamental and Overrides and Overides. The One year Statute Of limitations, Chapman Cites The Authority Of Rowland Vs. State, 42, So. 3d 503 (2010)

The Petitioner is Seeing Leave On An Application For leave To Proceed in The Trial Court To Raise These 3 issues. See Attached Application and motion For Post Conviction.

Chapman Should have been Granted leave To Proceed in The Trial Court To File His motion For post-Conviction Relief To Raise His Claim(s) Of An illegal Sentence if Nothing Else in violation Of due Process 14th amendment.

Chapman H'ss issue Of being denied An Appeal Pursuant To The Attached Exhibit "1" Should Also have been Granted. Chapman's Application For leave To Proceed in The Trial Court Should have been Granted Claim(s) Of An illegal Sentence is not Time-barred

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Page 14

Therefore, petitioner asks that the Court grant the following relief: Grant Petitioner Chapman leave TO Proceed In The Trial Court TO Raise The Issue/(Claim(s) OF An illegal Sentence Pursuant TO Rowland VS. State, 42 So. 3d 503 (2010) And Rowland VS. State, 98 So. 3d 1032 (2012).

or any other relief to which petitioner may be entitled.

_Robert Chapman_
Signature of Attorney (if any).
Petitioner Pro Se

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on On About March 3rd 2020 (month, date, year).

Executed (signed) on March 3rd 2020 (date).

_Robert Chapman_ Pro Se
Signature of Petitioner

_Robert Chapman_ #163212
Name (Print):     Inmate Number

marshall County Correctional Facility
Place of confinement

MCCF / Alpha 4
888 west 6treet
Holly6prings, ms. 38635
Petitioner's mailing address

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

* * * * *

In The United States District Court,
Northern District Of Mississippi

Certificate Of Service

This is To Certify That I Have Caused To be Mailed
Via United States Postage Prepaid A True And Correct Copy
Of The Above Foregoing Pleadings To The Following Person(s):

U.S. District Court                     Jim Hood
Northern District Of Miss.              Attorney General (ms)
Office Of The Clerk                     P.O. Box #220
203 Gilmore Dr.                         Jackson, MS. 39205-0220
Amory, MS. 38821-5402

So Certified This The 3rd day Of March 2020.

                    Respectfully Submitted,
                    _____
                    Robert Chapman
                    Petitioner Pro Se

Robert Chapman
MDoc # 163212
MCCF / ALPHA 4
833 West Street
Hot Springs, Miss. 38635

Page 1 OF 1

Serial: **227982**

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 2019-M-01099

*ROBERT CHAPMAN A/K/A ROBERT E.*             *Petitioner*
*CHAPMAN A/K/A "ROB"*

**FILED**

*v.*

SEP 19 2019

*STATE OF MISSISSIPPI*        OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS        *Respondent*

### ORDER

This matter is before the panel of Kitchens, P.J., Ishee and Griffis, JJ., on the

Application for Leave to Proceed in the Trial Court filed by Robert Chapman. The mandate

in Chapman's direct appeal issued in 2013. Chapman's present petition is untimely. Miss.

Code Ann. § 99-39-5(2). Moreover, the issues raised are without merit and do not meet any

exception to the time bar. *See Means v. State*, 43 So. 3d 438, 442 (Miss. 2010). After due

consideration, the panel finds the application should dismissed.

IT IS THEREFORE ORDERED that the Application for Leave to Proceed in the Trial

Court filed by Robert Chapman is dismissed.

SO ORDERED, this the *18th* day of September, 2019.

JAMES W. KITCHENS, PRESIDING JUSTICE

EXHIBIT "A"

STATE OF MISS., DESOTO COUNTY
**CERTIFIED A TRUE COPY**

JAN 3 1 2019

DALE K. THOMPSON, CIRCUIT CLERK
BY _____ D.C.

**STATE OF MISSISSIPPI**
**SEVENTEENTH CIRCUIT COURT DISTRICT**

**DESOTO COUNTY**

**MARCH 2007 GRAND JURY SESSION**

CR 2007-0312 CD

THE GRAND JURORS of the State of Mississippi, taken from the body of the good and lawful citizens of DeSoto County thereof, duly elected, empaneled, sworn and charged to inquire in and for the County and State aforesaid, at the Grand Jury Session aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present:

## COUNT 1

That **JOSHUA D. CHAPMAN (a/k/a Joshua D. Jackson) and ROBERT CHAPMAN,** Late of the County and State aforesaid, on or about the **26th** day of **DECEMBER,** in the year of our Lord **2006,** in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully and feloniously, corruptly agree, conspire and confederate, each with the other and with divers others to the Grand Jury unknown, to commit a crime, to-wit: Armed Robbery, in direct violation of Section 97-1-1(a), Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.

## COUNT 2

That **JOSHUA D. CHAPMAN (a/k/a Joshua D. Jackson) and ROBERT CHAPMAN,** Late of the County and State aforesaid, on or about the **26th** day of **DECEMBER,** in the year of our Lord **2006,** in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully and feloniously, take from the presence or person of Donna Ozment certain personal property, to-wit: one (1) purse with contents and approximately $8,201.00 in United States currency, being the personal property of Citgo Service Station in Southaven, Mississippi, against the will of Donna Ozment, by putting Donna Ozment in fear of immediate injury to her person by the exhibition of a deadly weapon, to-wit: a 9 mm Glock handgun, in direct violation of Section 97-3-79, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.

Exhibit "A"
Page 1

## COUNT 3

That **JOSHUA D. CHAPMAN (a/k/a Joshua D. Jackson) and ROBERT CHAPMAN,** Late of the County and State aforesaid, on or about the 26th day of **DECEMBER,** in the year of our Lord **2006,** in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully and feloniously, knowingly and intentionally refused to bring his motor vehicle to a stop after being given a visible or audible signal by Jayson Fernandez and said Jayson Fernandez then and there being a law enforcement officer employed by the Southaven Police Department acting within the scope of his duty who had reasonable suspicion to believe that **JOSHUA D. CHAPMAN (a/k/a Joshua D. Jackson) and ROBERT CHAPMAN,** had committed a crime; and the said **JOSHUA D. CHAPMAN (a/k/a Joshua D. Jackson) and ROBERT CHAPMAN** then and there well knowing that Jayson Fernandez was, in fact, a law enforcement officer acting within the scope of his duty; further, that **JOSHUA D. CHAPMAN (a/k/a Joshua D. Jackson) and ROBERT CHAPMAN** operated his motor vehicle in a reckless manner with willful disregard for the safety of others or in a manner manifesting extreme indifference to the value of human life, in direct violation of Section 97-9-72 (2), Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.

### A TRUE BILL

District Attorney                          Foreman of Grand Jury

Filed ___15th___ day of ___March___ 2007; _____ Clerk

Recorded ___15th___ day of ___March___, 2007

_____ Clerk, BY: ___P. Darnell___ D.C.

| | **Joshua D. Chapman** | **Robert Chapman** |
|---|---|---|
| Race/Sex: | Black/Male | Black/Male |
| DOB: | 02/12/1986 | 01/11/1974 |
| SSN: | 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 | 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 |

Exhibit "A"
Page 2

*51*

EXHIBIT "B"

# IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

**STATE OF MISSISSIPPI**

**VS.**
            **CAUSE NO. CR 2007-312-CD**
            **COUNTS 1 and 2**

**ROBERT CHAPMAN**
**B/M  DOB: January 11, 1974**
**SSN: 408-19̶̶̶̶̶**

STATE OF MISS., DESOTO COUNTY
**CERTIFIED A TRUE COPY**
JAN 3 1 2019
DALE K. THOMPSON, CIRCUIT CLERK
BY Galbreath D.C.

### DENIAL of POST-TRIAL MOTIONS,
### HABITUAL OFFENDER HEARING and
### SENTENCE of THE COURT

  **COMES** the District Attorney, represented by ADA Smith Murphey, and comes also the Defendant, **ROBERT CHAPMAN** in his own person and represented by Counsel, John Watson, for the purposes of Post-trial Motions, a **HABITUAL OFFENDER** determination hearing and Sentencing with the defendant having been found guilty on September 23, 2010 of the crimes of **COUNT 1: CONSPIRACY AND COUNT 2: ARMED ROBBERY.**

  The Court and the parties conducted a hearing and received evidence and testimony on October 26, 2010.  The Court being fully advised of the premises, hearing arguments of counsel, found all Post-trial Motions to be without merit and are accordingly denied *in toto*.

  The Court then proceeded to sentencing, and being fully advised in the matter, pronounced sentence against the defendant, **ROBERT CHAPMAN**.  However, prior to

Exhibit "B"
Page

FILED 27th DAY OF Oct 2010
DALE K. THOMPSON, CIRCUIT CLERK
DESOTO COUNTY, MISSISSIPPI
MINUTE BOOK 291 PAGE 57-59



imposing sentence the Court was presented evidence and conducted a **HABITUAL OFFENDER** hearing and makes the following findings of fact and law. The court finds as a matter of law and fact that the State has met its burden of proof and has proven the defendant, **ROBERT CHAPMAN**, to be, and the Court accordingly hereby finds the defendant **ROBERT CHAPMAN** to be and the Court is imposing its sentence *infra* as a **HABITUAL OFFENDER** under M.C.A. Section **99-19-83**. The Court further conducted a proportionality analysis and finds that the sentence as imposed *infra* is not grossly disproportionate and should therefore be imposed.

IT IS HEREBY ORDERED, that the Defendant, **ROBERT CHAPMAN**, be and is hereby sentenced, in Count 1 for CONSPIRACY to serve a term of **LIFE IMPRISONMENT**, without the eligibility for parole, as a **HABITUAL OFFENDER** under M.C.A. Section 99-19-83, incarceration in the Mississippi Department of Corrections. Count 1 shall be served concurrently with Count 2.

IT IS HEREBY ORDERED, that the Defendant, **ROBERT CHAPMAN**, be and is hereby sentenced, in COUNT 2: ARMED ROBBERY to serve a term of **LIFE IMPRISONMENT**, without the eligibility for parole, as a **HABITUAL OFFENDER** under M.C.A. Section 99-19-83, incarceration in the Mississippi Department of Corrections.

Further Defendant shall pay all costs of Court, and payable within ninety days from his release from incarceration should that ever occur. The Defendant shall be given 148 days credit for time served while awaiting trial, as required by law. ~~The Defendant, ROBERT CHAPMAN, through court appointed counsel, William Travis, shall comply,~~



59

~~with all applicable deadlines for appeal beginning today within which to file a notice of~~ 
~~appeal if so desire~~d.

**SO ORDERED** this the 26th day of October, 2010, and entered nunc pro tunc this

the _**27**_ day of _Octobr_ , 2010.

ROBERT P. CHAMBERLIN
CIRCUIT COURT JUDGE

Prepared by: Smith Murphey ADA

Exhibit "B"
Page 3

Exhibit "C"

## IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

**STATE OF MISSISSIPPI**

**VS.**                                           CAUSE NO. CR 2007-312-C(D)

**ROBERT CHAPMAN**

STATE OF MISS., DESOTO COUNTY
**CERTIFIED A TRUE COPY**

FEB 0 7 2019

DALE K. THOMPSON, CIRCUIT CLERK
BY _____ D.C.

### MOTION TO AMEND INDICTMENT

COMES NOW the State of Mississippi, by and through the Office of the District Attorney,

and moves the Court pursuant to Uniform Circuit and County Court Rule 7.09, to amend the

Indictment in the above cause in Counts 1 and 2, in the following particulars to reflect the

defendant's Section 99-19-83 Habitual Offender Status, copies of said applicable two or more prior

felony convictions are attached hereto and incorporated herein.

The State would show them as one of form, not substance, and that the indictment should

further read subsequent to the elements of the offenses, in Counts 1 and 2, and preceding the "against

the peace and dignity of the State of Mississippi" language, the following;

[INSERT]

"and the said Robert Chapman having been previously convicted of Reckless

Endangerment in Case No. 93-10010, in the Criminal Court of Shelby County, Tennessee,

and sentenced on January 13, 1995, to serve a term of two (2) years in the Custody of the

Tennessee Department of Corrections for an offense occurring on September 8, 1993

"and the said Robert Chapman having been previously convicted of Criminal

Attempted Murder 2nd Degree in Case No. 93-10011, Count 1, in the Criminal Court of Shelby

County, Tennessee, and sentenced on January 13, 1995, to serve a term of twelve (12) years in

the Custody of the Tennessee Department of Corrections for an offense occurring on

September 8, 1993 consecutive to Case No. 93-10010;

Exhibit "C"
Page 1

FILED

_____
Circuit Court Clerk, Desoto County, MS

and the said Robert Chapman having been previously convicted of Sale of a Controlled Substance: Cocaine in Case No. 93-06344, Count 1, in the Criminal Court of Shelby County, Tennessee, and sentenced on February 22, 1995, to serve a term of three (3) years in the Custody of the Tennessee Department of Corrections for an offense occurring on May 6, 1993, said sentence concurrent with Cause No. 93-10010 and 93010011;

and the said Robert Chapman having been previously convicted of Aggravated Assault in Case No. WO700180, Count 1, in the Criminal Court of Shelby County, Tennessee, and sentenced on April 19, 2007, to serve a term of six (6) years in the Custody of the Tennessee Department of Corrections for an offense occurring on December 26, 2006;

and the said Robert Chapman having been previously convicted of Convicted Felon with a Firearm, in Case No. WO700180, Count 2, in the Criminal Court of Shelby County, Tennessee, and sentenced on April 19, 2007, to serve a term of four (4) years in the Custody of the Tennessee Department of Corrections for an offense occurring on December 26, 2006, and concurrent with Case No. WO700180, Count 1;

and the said Robert Chapman thus having been convicted twice previously of felonies upon charges separately brought and arising out of separate incidents at different times and having been sentenced to and served separate terms of one (1) year or more in a state and/or federal penal institution, and at least one (1) of such felonies having been a crime of violence; and the said Robert Chapman thereby coming under Section 99-19-83, Mississippi Code 1972 Annotated, as amended, a MISSISSIPPI HABITUAL OFFENDER STATUTE, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi."

In support, the State would show the proposed amendment is one of form and not of substance. Copies of defendant's prior felonies are attached hereto and incorporated herein.

Exhibit "C"
Page
2

Respectfully submitted this the 24th day of September, 2009.

STATE OF MISSISSIPPI
OFFICE OF THE DISTRICT ATTORNEY
SEVENTEENTH CIRCUIT COURT DISTRICT
365 Losher Street, Suite 210
HERNANDO, MISSISSIPPI 38632
(662) 429-1374

BY: _____
Smith Murphey V
ASSISTANT DISTRICT ATTORNEY
MSB NO. 9831

### CERTIFICATE OF SERVICE

I, Smith Murphey V., hereby certify that I have this day mailed , a true and correct copy of the above and foregoing Motion to Amend Indictment to John Watson P.O. Box 1366 Southaven, MS 38671 attorney for defendant Robert Chapman, and by hand delivery to Honorable Circuit Judge Robert P. Chamberlin, P.O. Box 280, Hernando, MS 38632.

This the 24th day of September, 2009.

_____
Smith Murphey V
Assistant District Attorney

Exhibit "C"
Page 3

EXHIBIT "D"

## IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

**STATE OF MISSISSIPPI**

**VS.**                                        **CAUSE NO. CR 2007-312-C(D)**
                                               **COUNTS 1 and 2**

**ROBERT CHAPMAN**

### ORDER AMENDING INDICTMENT

THIS CAUSE having come on for hearing on Motion of the District Attorney to amend Counts 1 and 2 of the indictment herein, and the Court having found that said Motion is well taken and should be sustained.

IT IS, THEREFORE, ORDERED that Counts 1 and 2 of the Indictment filed herein be, and the same is hereby amended to reflect, and the quoted language *infra* shall be inserted in each count of the indictment and shall precede the "against the peace and dignity of the State of Mississippi" concluding language in the indictment:

[INSERT]

"and the said Robert Chapman having been previously convicted of Reckless Endangerment in Case No. 93-10010, in the Criminal Court of Shelby County, Tennessee, and sentenced on January 13, 1995, to serve a term of two (2) years in the Custody of the Tennessee Department of Corrections for an offense occurring on September 8, 1993

"and the said Robert Chapman having been previously convicted of Criminal Attempted Murder 2nd Degree in Case No. 93-10011, Count 1, in the Criminal Court of Shelby County, Tennessee, and sentenced on January 13, 1995, to serve a term of twelve (12) years in the Custody of the Tennessee Department of Corrections for an offense occurring on

FILED 28th DAY OF June, 2010
DALE K. THOMPSON, CIRCUIT CLERK
DESOTO COUNTY, MISSISSIPPI
MINUTE BOOK 264 PAGE 576-578

Exhibit "D"
Page1

377

September 8, 1993 consecutive to Case No. 93-10010;

and the said Robert Chapman having been previously convicted of Sale of a Controlled Substance: Cocaine in Case No. 93-06344, Count 1, in the Criminal Court of Shelby County, Tennessee, and sentenced on February 22, 1995, to serve a term of three (3) years in the Custody of the Tennessee Department of Corrections for an offense occurring on May 6, 1993, said sentence concurrent with Cause No. 93-10010 and 93010011;

and the said Robert Chapman having been previously convicted of Aggravated Assault in Case No. WO700180, Count 1, in the Criminal Court of Shelby County, Tennessee, and sentenced on April 19, 2007, to serve a term of six (6) years in the Custody of the Tennessee Department of Corrections for an offense occurring on December 26, 2006;

and the said Robert Chapman having been previously convicted of Convicted Felon with a Firearm, in Case No. WO700180, Count 2, in the Criminal Court of Shelby County, Tennessee, and sentenced on April 19, 2007, to serve a term of four (4) years in the Custody of the Tennessee Department of Corrections for an offense occurring on December 26, 2006, and concurrent with Case No. WO700180, Count 1;

and the said Robert Chapman thus having been convicted twice previously of felonies upon charges separately brought and arising out of separate incidents at different times and having been sentenced to and served separate terms of one (1) year or more in a state and/or federal penal institution, and at least one (1) of such felonies having been a crime of violence; and the said Robert Chapman thereby coming under Section 99-19-83, Mississippi Code 1972 Annotated, as amended, a MISSISSIPPI HABITUAL OFFENDER STATUTE, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi."

Exhibit "D"
Page 2

C00156

378

**IT IS FURTHER ORDERED** that this Order to Amend Indictment be spread on the Minutes of this Court, and that notations be made in the file to reflect same.

**SO ORDERED** this the _28_ day of _June_, 2010.

**ROBERT P. CHAMBERLIN**
**CIRCUIT COURT JUDGE**

Prepared by ADA Smith Murphey

Exhibit "D"
Page 3

EXHIBIT "E"



Exhibit "E"

**STATE OF TENNESSEE**
**DEPARTMENT OF CORRECTION**
6th FLOOR RACHEL JACKSON BLDG.
320 SIXTH AVENUE NORTH
NASHVILLE, TENNESSEE 37243-0465
OFFICE (615)741-1000 EXT. 8072

Davidson County )
)
)
State of Tennessee )

I, Candace Whisman, having knowledge of the facts and information contained herein, do hereby swear and affirm as follows:

1.  I am employed by the Tennessee Department of Correction (TDOC) as Director of Sentence Management Services.

2.  I hereby certify that the following information as maintained in the Tennessee Department of Correction records of Robert Chapman, TDOC #00242962, DOB January 11, 1974, are true and correct.

3.  Mr. Chapman was sentenced January 13, 1995, in Shelby County Case #9310011 and received a sentence of twelve years. He was awarded pre-trial jail credit in this case from September 9, 1993 up to date of sentencing for a total of 491 days. He served time in custody on this sentence for 2,432 days from January 13, 1995 until he was released to parole supervision on September 11, 2001. Parole was revoked and he was back in custody for 15 days from June 10, 2003 until June 25, 2003, when he was released back to parole supervision. This sentence expired while on parole supervision. Total time served on this sentence equaled 2,938 days.

4.  Mr. Chapman was sentenced January 13, 1995, in Shelby County Case #9310010 and received a sentence of two years to be served consecutively to Case #9310011. He did not serve any time in custody on this sentence. The sentence effective date for this sentence was January 24, 2004, the expiration date of Case #9310011 and the expiration date was January 24, 2006. Mr. Chapman was on parole supervision during this time period.

5.  Mr. Chapman was sentenced February 22, 1995, in Shelby County Case #9306344 and received a sentence of three years to be served concurrent with



Exhibit "E"
Page 1





Robert Chapman, #00242962
Affidavit
Page 2

Case #9310011. He was awarded pre-trial jail credit in this case from May 6, 1993 to May 7, 1993, and November 3, 1993 up to date of sentencing for a total of 478 days. He served time in custody on this sentence for 427 days from February 22, 1995, until the sentence expired effective April 25, 1996. Total time served on this sentence equaled 905 days. This is the same credit that was also applied to Case #9310011 except for the two days from May 6, 1993 to May 7, 1993.

6. Mr. Chapman was sentenced April 19, 2007 in Shelby County Case #W0700180 ct. 1 and ct. 2 and received a total sentence of six years. He was awarded pre-trial jail credit in both of these cases from December 26, 2006 up to date of sentencing for a total of 114 days. He served time in custody on these sentences for 773 days from April 19, 2007 until he was released to parole supervision on June 1, 2009. Parole was revoked and he was back in custody for 71 days from April 15, 2010 until June 25, 2010, when he was released at expiration of sentence. Total time served on this sentence equaled 958 days.

Candace J. Whisman
Director, Sentence Management Services

Sworn to and subscribed before me this 29th day of June, 2010

Carolyn Fiedler, Notary Public

STATE
OF
TENNESSEE
NOTARY
PUBLIC
CAROLYN M. FIEDLER
DAVIDSON COUNTY, TENN.

My Commission Expires JULY 5, 2011

Exhibit "E"
Page 2

State of Mississippi v. Robert Chapman                    260

1    BY THE COURT:  The Court calls on for

2    hearing Cause No. 2007-312, State of

3    Mississippi versus Robert Chapman.

4    Mr. Chapman, stand and raise your

5    right hand and be sworn by the clerk,

6    please, sir.

7    (DEFENDANT AND COUNSEL APPROACH THE BENCH AND

8    THE DEFENDANT IS DULY SWORN BY THE DEPUTY CIRCUIT

9    COURT CLERK.)

10    BY THE COURT:  I will note that by

11    order dated September 23rd, 2010, and

12    signed on September 28th, 2010, that this

13    Court entered an Order on the Trial

14    Verdict finding Mr. Chapman guilty of the

15    crimes of conspiracy and armed robbery.

16    Post-trial motions and sentencing were

17    continued until today.

18    Is the State ready to proceed?

19    BY MR. MURPHEY:  Yes, Your Honor.

20    BY THE COURT:  Are you ready to

21    proceed, Mr. Watson?

22    BY MR. WATSON:  Yes, sir.

23    BY THE COURT:  All right.  Mr. Watson,

24    I see a Motion for JNOV or in the

25    Alternative, Motion for New Trial.  Are

26    you ready on those motions?

27    BY MR. WATSON:  Yes, sir, Your Honor.

28    BY THE COURT:  All right.  You're

29    recognized.

EXHIBIT "F" Pages 260-278

EXHIBIT "F" is Page(s) 260 - 278

State of Mississippi v. Robert Chapman

1   BY MR. WATSON:  Your Honor, we're

2   asking the Court for a Motion for JNOV or

3   Motion for New Trial.  I've set forth the

4   issues in my written motion.  I don't plan

5   on going back through those unless the

6   Court would like me to.  I know we had the

7   appropriate objections and appropriate

8   motions at the time of the trial.  Unless

9   the Court would like, I'm not going to go

10  back into those.

11      BY THE COURT:  All right.  Any further

12  argument on it, Mr. Murphey?

13      BY MR. MURPHEY:  No, Your Honor.  I

14  believe the Court and the State -- or on

15  behalf of the State, we would stand by the

16  record that was made and the rulings that

17  were made by the Court at that time as to

18  those issues and that the Court properly

19  denied the Defendant's Motion to Suppress

20  his statement.  A full hearing was made of

21  that, and in this particular case, as to

22  the motion regarding the lack of the

23  evidence, the jury had, I believe,

24  sufficient and ample evidence before it by

25  way of direct testimony from the

26  codefendant and the eyewitnesses and

27  officers involved that the Defense motion

28  should be sustained.

29      BY THE COURT:  All right.  Anything

State of Mississippi v. Robert Chapman                    262

1        further, Mr. Watson, on the motion?
2                  BY MR. WATSON:  No, sir, Your Honor.
3                  BY THE COURT:  The Motion for JNOV or
4        in the Alternative, Motion for New Trial
5        will be denied.  Noting two of the three
6        allegations basically go to the weight of
7        the evidence or presentation of the
8        evidence.  One of them being the denial of
9        a directed verdict or peremptory
10       instruction; the other being the weight of
11       the evidence.  The Court finds there was
12       more than ample evidence presented for the
13       jury to be allowed to make the decision,
14       which they did in fact make.  The Court
15       will certainly stand by its ruling on
16       those matters as well as the Court's prior
17       ruling on the Motion in Limine to Suppress
18       the Defendant's statement.  Noting that
19       the full facts were hashed out on the
20       Motion to Suppress.  The Court ruled on
21       the matter.  I'm satisfied with the
22       ruling.  I note the Defendant has brought
23       forth no further issues or authority on
24       it.  The motion will be denied.
25            The State is recognized for any
26       witnesses or evidentiary presentation
27       regarding sentencing.
28                 BY MR. MURPHEY:  Yes, Your Honor.  On
29       June 28th, 2010, the Court received

State of Mississippi v. Robert Chapman                    263

1       Exhibit No. 1 that contained certified

2       copies of the Defendant's prior

3       convictions.  Those same convictions are

4       listed in his order amending him to a

5       Section 99-19-83 habitual offender.  The

6       State would resubmit those, that they be

7       incorporated within the hearing here

8       today.

9              BY THE COURT:  Any objection,

10      Mr. Watson?

11             BY MR. WATSON:  No, sir, Your Honor.

12             BY THE COURT:  All right.  Noting that

13      the exhibits have previously been admitted

14      in this cause.  They will be incorporated

15      into this sentencing by reference and

16      certainly as exhibits already entered in

17      this cause.

18             You may proceed, Mr. Murphey.

19             BY MR. MURPHEY:  Further, Your

20      Honor -- and I have shown to counsel

21      opposite an affidavit from the Tennessee

22      Department of Corrections Time Computation

23      Department regarding the time the

24      Defendant served on his prior felony

25      convictions.  I ask that be marked and

26      received as an exhibit.

27             BY THE COURT:  Any objection,

28      Mr. Watson?

29             BY MR. WATSON:  No, sir.

State of Mississippi v. Robert Chapman                                    264

1              BY THE COURT:  It will be so marked

2        and received.

3              (SAME RECEIVED AND MARKED AS EXHIBIT

4        NO. 1 INTO EVIDENCE AND WAS MADE A PART OF

5        THIS RECORD.)

6              BY MR. MURPHEY:  Your Honor, contained

7        within the affidavit there -- or backing

8        up just a little bit.  In the court file,

9        there's a transcript from the hearing that

10       took place on June 28th when he was

11       amended to be a Section 99-19-83 habitual

12       offender.  The Court noted at that time

13       that given the documents -- I've tabbed it

14       with a red tab in the court file, Your

15       Honor, referring to the documents that

16       have been just reintroduced to the Court.

17       The Court at that time noted that the

18       Defendant had in fact served a year or

19       more by way of pretrial or jail credit

20       that was given on two or more prior felony

21       convictions.  I would just draw the

22       Court's attention to that, as well.

23             Looking at the affidavit that the

24       Court has before it from the Time

25       Computation Department, the Court will see

26       that the Defendant has served 2,938 days

27       on a criminal -- second degree -- criminal

28       attempt second degree murder charge that

29       occurred on September 8th, 1993.  That

1      same document also reflects that the

2      Defendant in Cause No. 93-06344, with an

3      offense date of May 6th, 1993, served a

4      term of 905 days for the sale of cocaine

5      charge; and as reflected in Paragraph 6,

·6     the Defendant served 958 days on an

7      aggravated assault and felon with a

8      firearm charge.  On at least two of these

9      offenses, the Defendant has served a year

10     or more on, including a violent crime, and

11     would therefore meet the requirements of

12     Section 99-19-83.

13          BY THE COURT:  All right.  Mr. Watson,

14     you're recognized for any witnesses or

15     evidentiary presentation.

16          BY MR. WATSON:  Your Honor, just as

17     far as the serving one year, for the

18     record, Mr. Chapman has asked that I

19     object and say that he's not 83 eligible

20     in that on the -- in the '93 charges that

21     he -- although they were periods of one

22     year or more that he served those

23     concurrently, and just for the record, I

24     make that objection on his behalf.  That's

25     what he asked me to do.

26          And then, further, in reference to the

27     felon in possession of a firearm charge,

28     that charge actually stemmed from -- after

29     this incident, they fled into Memphis, and

State of Mississippi v. Robert Chapman                          266

1      that's where that charge came about, which
2      was arising out of this same occurrence
3      for this.  So for the record, on
4      Mr. Chapman's behalf, I do object and say
5      that the one year element has not been
6      met.
7           BY THE COURT:  Anything further,
8      Mr. Watson?
9           BY MR. WATSON:  No, sir, Your Honor.
10          BY THE COURT:  Anything further,
11     Mr. Murphey?
12          BY MR. MURPHEY:  Your Honor, I believe
13     the case law bears out that servings of
14     time on concurrent sentences does in fact
15     meet the requirements of Section 99-19-83
16     provided that they are separate instances.
17     As to the Defendant's second degree murder
18     charge and sale of cocaine, I don't
19     believe it's disputed that those are on
20     two different dates, and that, at a
21     minimum, meets the requirements of
22     Section 99-19-83.  The events in Case
23     No. W07-00180, Counts 1 and 2, the
24     aggravated assault and felon with a
25     firearm, those are events that the
26     Defendant committed in Memphis.  They were
27     events that occurred after the events that
28     happened in the armed robbery here in
29     Mississippi.

State of Mississippi v. Robert Chapman                    267

1         BY THE COURT:  Mr. Murphey, let me

2    make sure.  I have a number of convictions

3    here.  What are the two you are alleging

4    he served more than one year on?

5         BY MR. MURPHEY:  Cause No. 93-10011.

6         BY THE COURT:  Okay.

7         BY MR. MURPHEY:  And Cause

8    No. 93-06344.  The first one being the

9    murder, second degree murder, and the

10   second one being sale of cocaine.  Both

11   different offense dates.

12        (PAUSE IN PROCEEDINGS.)

13        BY THE COURT:  All right.  Regarding

14   Mr. Chapman, first and foremost, I find

15   the State has met the burden of proving

16   beyond a reasonable doubt that Mr. Chapman

17   is in fact a Section 99-19-83 habitual

18   offender.  He has served over -- he has

19   been convicted of two or more felonies.

20   He has served over one year on two or more

21   felonies, with one of those felonies being

22   a crime of violence.  I will note that the

23   sale of cocaine charge and the attempted

24   murder -- sale of cocaine conviction and

25   attempted murder conviction clearly

26   indicate separate -- not only separate

27   offense dates but apparently at least

28   several months apart, therefore, being

29   convictions that arise out of separate

State of Mississippi v. Robert Chapman                    268

1    occurrences or transactions.  Mr. Chapman

2    does fall within the definition of Section

3    99-19-83.

4         I will note there's simply no need to

5    go through -- they're in evidence -- a

6    large number of felony convictions that

7    range from sale of cocaine to attempted

8    murder, reckless endangerment, felon in

9    possession of a firearm, aggravated

10   assault, just a large history.  Certainly,

11   nothing that would in any manner call into

12   account the mandates of Section 99-19-83.

13   I will note in that regard, given the

14   nature of the statute under which

15   Mr. Chapman is to be sentenced, first and

16   foremost, the Court does affirmatively

17   find --

18        Did you need to say something,

19   Mr. Watson?

20        BY MR. WATSON:  Are you just ruling on

21   the 83 habitual at this point?

22        BY THE COURT:  I was about to sentence

23   him.

24        BY MR. WATSON:  Well, I do have -- I

25   apologize.  I was just making an argument

26   for that.  I do have some documents to

27   present.

28        BY THE COURT:  Y'all have more

29   evidence on the sentencing hearing?

1    BY MR. WATSON:  Yes, sir.

2          BY THE COURT:  Okay.  Let me back up

3    then.  Mr. Watson, you're recognized for

4    any additional evidence.

5          BY MR. WATSON:  Yes, sir.  Your Honor,

6    I have two cases here.  I think the Court

7    has seen these before.  Mr. Murphey has

8    seen them.  One is CR-2005-76-CD, Brian

9    Blocker.  In this case, Mr. Blocker was

10   sentenced on an armed robbery as an 81

11   habitual offender.  Mr. Blocker received a

12   sentence of five years in the Mississippi

13   Department of Corrections, and Mr. Blocker

14   had a previous armed and previous

15   possession of a controlled substance

16   conviction.

17         The other is CR-2007-54-CD, Donald

18   Hensley.  Mr. Hensley was sentenced as an

19   81 habitual offender on an armed robbery

20   charge.  Mr. Hensley had previous

21   convictions of simple robbery, two simple

22   robberies, an attempted carjacking, three

23   driving while habitual traffic offenders,

24   one theft over $1,000, and one attempted

25   robbery.  I'd just like to make those

26   exhibits to this hearing.

27         And I apologize, Your Honor.  I was

28   trying to separate the habitual offender

29   argument from the sentencing.

State of Mississippi v. Robert Chapman

1    (PAUSE IN PROCEEDINGS.)

2        BY MR. WATSON:  And Your Honor, as we

3    previously can see with those, those are

4    pleas and those are 81 habituals, and I

5    understand that's not the posture we're in

6    here today; but considering the burden

7    that Mr. Chapman has to -- that we have to

8    try to meet, I did find some cases similar

9    -- on at least similar circumstances, and

10   that's all the evidence we would have.

11       BY THE COURT:  Any other evidence,

12   Mr. Murphey?

13       BY MR. MURPHEY:  Nothing further.

14       BY THE COURT:  All right.  I will

15   note -- first of all, I note -- first and

16   foremost, obviously, the two cases

17   submitted by counsel, as acknowledged by

18   counsel, appear -- well, first and

19   foremost, they appear to constitute pleas,

20   which I believe that they are, and both

21   being listed as habitual offenders.  I

22   don't necessarily see where Hensley is

23   designated as a --

24       BY MR. WATSON:  It's in the sentencing

25   order, Your Honor, that it is armed

26   robbery as a habitual.

27       BY THE COURT:  Right, but it doesn't

28   designate 81 or --

29       BY MR. WATSON:  It was 81.  I'll

1   concede it was 81.

2          BY THE COURT:  Noting on the one hand,

3   that's somewhat apples to oranges, but on

4   the other hand, they certainly are armed

5   robbery convictions.  They certainly are

6   habitual offender statutes, which do

7   involve multiple felony convictions.

8   Although, as noted in this case,

9   additional criteria required are a crime

10  of violence, which I note it appears

11  Mr. Blocker certainly -- well, both

12  defendants submitted by Mr. Watson appear

13  to have had prior crimes of violence.

14  There's certainly no evidence as to what

15  had been submitted.  Noting those were

16  plea bargain agreements.

17         In that regard, I, once again,

18  reiterate that Mr. Chapman has, simply

19  stated, put together a body of work to

20  make this an appropriate sentence.  I find

21  affirmatively that the sentence is

22  proportionate to the crime committed by

23  Mr. Chapman of which he's been convicted

24  and his prior criminal history.

25         Pursuant to Section 99-19-83, I'll

26  sentence Mr. Chapman to a term of life in

27  the state penitentiary.  Give him credit

28  for 148 days time served.  I'll order him

29  to pay all court costs and assessments.

1            Are there any other assessments,

2   Mr. Murphey?

3            BY MR. MURPHEY:  No, Your Honor.

4            BY THE COURT:  All right.  All terms

5   and conditions of the Written Sentencing

6   Order will be incorporated into the

7   sentence by reference.

8            Anything further from the State?

9            BY MR. MURPHEY:  No, Your Honor.

10           BY THE COURT:  Anything further,

11  Mr. Watson?

12           BY MR. WATSON:  No, sir.

13           BY THE COURT:  That will be the order

14  of the Court.

15           Mr. Chapman will be remanded back to

16  the custody of the DeSoto County Sheriff's

17  Department to await transportation to the

18  Mississippi Department of Corrections.

19           I'm sorry, Mr. Watson.  Let me -- one

20  moment.

21           I note you are retained on this case;

22  is that correct?

23           BY MR. WATSON:  That's correct, Your

24  Honor.

25           BY THE COURT:  Have you been retained

26  to perfect on appeal on behalf of

27  Mr. Chapman?

28           BY MR. WATSON:  I have not, Your

29  Honor.

1    BY THE COURT: I'm going to go ahead
2    and appoint an attorney for Mr. Chapman
3    for appeal. I'm going to appoint
4    Mr. Travis as Mr. Chapman's attorney.
5        Mr. Chapman, if you intend to hire
6    Mr. Watson or hire other counsel, you
7    certainly are entitled to do that, but
8    without Mr. Watson having been retained, I
9    want to make sure you are with counsel at
10   all times. So if Mr. Watson is retained
11   or something of that nature, he can take
12   the necessary steps to take over the
13   appeal if that becomes necessary, but by
14   appointing Mr. Travis, that will assure
15   that you have an opportunity to have your
16   appeal, first of all, timely reviewed for
17   the possibility of appeal and then
18   certainly perfected for appeal. Do you
19   understand?
20       BY THE DEFENDANT: Yes, sir.
21       BY THE COURT: Do you have any
22   questions?
23       BY THE DEFENDANT: No, sir.
24       BY THE COURT: All right. You may
25   step down, sir.
26       (RECESS.)
27       BY THE COURT: The Court recalls Cause
28   No. 2007-312, State versus Robert Chapman.
29       Mr. Chapman, come forward, please,

State of Mississippi v. Robert Chapman

274

1      sir.

2             Regarding Mr. Chapman, I've called him

3      back forward.  Just I will note, in

4      sentencing Mr. Chapman, I had neglected to

5      sentence on Count 1, the conspiracy

6      charge.  For the record, I want to make

7      clear that the sentence handed down a

8      moment ago is for Count 2, the armed

9      robbery.

10            Let me make sure I've got my count

11     numbers right.

12            BY MR. WATSON:  That's right, Your

13     Honor.  I think you granted the directed

14     verdict on Count 3, the fleeing.

15            BY THE COURT:  Okay.

16            BY MR. WATSON:  I believe that's

17     correct.

18            BY THE COURT:  So I'll note the

19     sentence handed down was on Count 2, armed

20     robbery.  I'll note on Count 1, the

21     conspiracy charge, noting certainly no --

22     the analysis being the same as earlier

23     regarding -- of course, noting Count 2 a

24     much more serious charge, but Count 1

25     being a conspiracy to commit that charge.

26            The Court finds the appropriate

27     sentence to be a life sentence as a

28     Section 99-19-83 habitual offender.

29     Mr. Chapman will get credit for 148 days

State of Mississippi v. Robert Chapman                              275

1     time served.  That will run concurrent

2     with the sentence in Count 2.  All other

3     terms and conditions of the Written

4     Sentencing Order will be incorporated into

5     the sentence by reference.

6          Anything further regarding Count 1,

7     Mr. Murphey?

8          BY MR. MURPHEY:  No, sir, Your Honor.

9     There was a thousand dollar fine, I

10    believe, and court costs; correct?

11         BY THE COURT:  I don't recall on

12    Count 2.

13         BY MR. WATSON:  I think it was just

14    court costs.

15         BY THE COURT:  I believe it was court

16    costs.  I didn't really see a need to fine

17    a man that's going to spend the rest of

18    his life, under the law now -- that

19    doesn't mean what happens, but in prison.

20         BY MR. MURPHEY:  Yes, sir.

21         BY THE COURT:  I only assessed court

22    costs because I felt like I have to.

23         You can step down, Mr. Chapman.

24    _____

25

26   This is to certify that the above is a true and

27 correct transcript of my shorthand notes taken in

28 said cause.

29

State of Mississippi v. Robert Chapman
276

1

2 *Michelle P. Haberstroh*        September 30, 2012

3  Michelle P. Haberstroh
   CSR #1423
4  Official Court Reporter

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26          —

27

28

29

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

## COURT REPORTER'S CERTIFICATE

STATE OF MISSISSIPPI

COUNTY OF DESOTO

I, Michelle P. Haberstroh, Official Court
Reporter for the Seventeenth Circuit Court District
of the State of Mississippi, do hereby certify that
to the best of my skill and ability I have reported
the proceedings had and done in the trial of STATE OF
MISSISSIPPI VS. ROBERT CHAPMAN, being No.
CR-2007-312-RCD on the docket of the Circuit Court of
DeSoto County, Mississippi, and that the above and
foregoing 21 pages contain a true, full and correct
transcript of my stenotype notes taken in said
proceedings with the assistance of computer aided
transcription.

This is to further certify that I have this date
filed the original and one copy of said transcript
along with one electronically formatted CD-ROM of
said transcript in Adobe Portable Document Format
(PDF) for inclusion in the record on appeal with the
Clerk of the Circuit Court of Desoto County at
Hernando, Mississippi, and have notified the
attorneys of record, the Circuit Court Clerk of the
Supreme Court of my actions herein.

I do further certify that my certificate annexed
hereto applies only to the original and certified
transcript and electronically formatted CD-ROM.  The
undersigned assumes no responsibility for the
accuracy of any reproduced copies not made under my

State of Mississippi v. Robert Chapman

278

1    control or direction.

2         This the 10th day of October, 2012.

6         *Michelle P. Haberstroh*

7         Michelle P. Haberstroh

8         Official Court Reporter

9         MS CSR No. 1423

Exhibit "G"
Page 1

## ARGUMENT

None

## STATEMENT OF COUNSEL

1. I, W. Daniel Hinchcliff, counsel for the Appellant, hereby represent to the Court, pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), that counsel diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could be presented to the Court on Robert Chapman's behalf in good faith for appellate review, and upon conclusion, have found none.

2. The matters considered, reviewed and included in counsel's search were: (a) the reason for the arrest and circumstances surrounding the arrest of Robert Chapman; (b) any possible violation of Robert Chapman's right to counsel; ( c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; (h) possible misapplication of the law in sentencing; and (i) the indictment and all the pleadings in the record; (j) any possible ineffective assistance of counsel issues; (k) jury selection, possible dismissal, voir dire, misconduct of or affecting the jury, jury composition, and number of peremptory challenges pursuant to UCCCR 10.01 and under *Osbourne v. State*, 404 So. 2d 545 (Miss. 1981); *Foxworth v. State*, 94 So. 3d 1178 (Miss. App. 2011), (l) any speedy trial issues in light of recent decisions *McBride v. State*, 61 So. 3d 138 (Miss. 2011); *Johnson v. State, 68 So. 3d 1239 (Miss. 2011);* and *Bailey v. State*, 78 So. 3d 308 (Miss.2012); and (m) sentencing issues, particularly relating to amended indictments charging the defendant as an habitual criminal under the rule announced in *Gowdy v. State*, 56 So. 3d 540 (Miss 2010), and to proportionality of sentence under *Whitlock v. State*, 47So. 3d 665 (Miss.



Exhibit "G"
Page 1

3

Exhibit G Page 2

2010), all as contained within the four corners of the present record, and any other possible reviewable issues.

3. Counsel confirms that he has, on the date of the filing of this brief, mailed by first class mail, postage prepaid, a copy of this brief and correspondence informing Robert Chapman that counsel finds no arguable issues in the record and that Appellant has the right to file a pro se brief.

4. Counsel for Appellant request that this Court grant Robert Chapman an additional 40 days of additional time in which to file his pro se brief, if he desires to do so. Separate Motion for Expansion of Time is being filed with this Brief.

5. Counsel stands ready to prepare supplemental memoranda of law on any issues requested by this court.

## CONCLUSION

There are no issues that counsel can in good faith present to this Court in the appeal on this matter.

Respectfully submitted,

ROBERT CHAPMAN

By: _____

W. DANIEL HINCHCLIFF, HIS ATTORNEY

Exhibit "G"
Page 2

4

In The Supreme Court Of The State Of Mississippi

Date: July 2 2019

From: Robert Chapman
MDOC #163812
MCCF \ Dorm 32
833 West Street
Holy Springs, MS. 38634

To: Muriel B. Ellis
Supreme Court Clerk
Post Office Box #249
Jackson, MS. 39205-0249

Re: Application For Leave To Proceed in the Trial Court,
With Motion For Post-Conviction Relief, Attached To be
Filed with This Honorable Court.

Dear Clerk

Please Find Enclosed For Filing Petitioner's Application
For Leave To Proceed in The Trial Court, With Motion For
Post-Conviction Relief, Attached.

Sincerely,

Robert Chapman

Petitioner Pro Se

i

In The Supreme Court Of The State Of Mississippi

Robert Chapman                         Petitioner Pro Se

Vs.                                    Case No.

State Of Mississippi                   Respondent

## Application For Leave To Proceed In The Trial Court

Comes Now, Robert Chapman, Petitioner Pro Se, And Files This His Application For Leave To Proceed In The Trial Court Of DESOTO County, Mississippi, Pursuant To Mississippi Code Annotated Section 99-39-27, And In Support Thereof, Would Show Unto This Honorable Court The Attached Motion For Post Conviction Relief. The Petitioner Prays That This Honorable Court Will Find The Attached Motion Well Taken And Will Grant Petitioner Pro Se, Leave To Proceed With Said Motion In The Proper Circuit Court.

This The 2 Day July , 2019 .

Respectfully Submitted,

Robert Chapman
Petitioner Pro Se

In The Supreme Court Of The State Of Mississippi

Reasons Why This Court
Should Grant Chapman's Application
For Leave To Proceed In The Trial Court:

Petitioner Robert Chapman Was indicted For Conspiracy Count#1 in Violation Of 397-1-1 (a), And Armed Robbery Count#2 in Violation 397-3-79 And Reckless Driving Count#3 in Violation Of 397-9-72 (a). Chapman Was Not indicted as an Habitual Offender.

The State Filed A Motion To AMend Indictment Pursuant To UCCCR Rule 7.09 To Reflect Chapman's Status as an Habitual Offender Under Section 99-19-83. One Motion Filed September 24th 2009 and Filed another Motion On June 28th 2010.

Chapman is Claiming Here That The State Failed To Prove His Habitual Offender Status beyond A Reasonable Doubt And that The Habitual Portion Of His Sentence is Illegal.... Chapman is Claiming an Illegal Sentence.

To Show That Chapman's Claim is Not Time-barred When Claiming an illegal Sentences Chapman Cites The Authority Of Rowland VS. State 42 So. 3d 503 (2010) in which The Mississippi Supreme Court Held That, Claims that implicates a Fundamental Right Are Excepted From The Procedural bars Of The Uniform Post-Conviction Collateral

2

Relief Act (UPCCRA). in Rowland, the Court Further Held That Errors Affecting Fundamental Rights Are Exceptions To Rule That Questions not Raised in The Trial Court Cannot be Raised For The First Time On Appeal. Citing Reed Vs. State, 430 So. 2d 832 (miss. 1983); Brooks Vs. States 209 miss. 158 46 So. 2d 94 (1950). See Also IVY Vs. States 731 So. 2d 601 (1999).

In Rowland Vs. State, 98 So. 3d 1032 (2012) The Mississippi Supreme Court, Held That ---- "A Claim Of illegal Sentence Or Denial Of Due Process in Sentencing Also Must be Considered Regardless Of When it is Raised And is Not Time barred under The Three Year Statute Of Limitations Of The Uniform Post-Conviction Collateral Relief Act (UPCCRA) because The State is Without The Authority Or Right To impose a Sentence illegally Or without Due Process."

Chapman is Entitled To Ask the Court(s) To Correct His Illegal Sentence because The Issue is Fundamental And Violates Chapman's Rights To Due Process Of Law. in Grayer Vs. State, 120 So. 3d 964 (2013), The Mississippi Supreme Court Held That, "An Accused Has A Fundamental Right To be Free Of An illegal Sentence".

Chapman Respectfully Requests That This Court Grant Leave To Proceed in the Trial Court So That He Can be Free Of His Illegal Sentence in Violation Of His Fundamental Constitutional Rights To Due Process Of Law.

Robert Chapman

Petitioner Pro Se

93

# IN THE SUPREME COURT OF THE STATE OF MISSISSIPPI

## RELIEF.

### ADDITIONAL RELIEF IN SUPPORT OF APPLICATION FOR LEAVE TO PROCEED IN THE TRIAL COURT OF DESOTO COUNTY, MISSISSIPPI.

Petitioner Chapman Respectfully Requests Additional Relief in Support Of Said Application For Leave To Proceed in the Trial Court Of Desoto County, MISSISSIPPI, Pursuant To Violations Of His Constitutional Rights Of The United States And The Mississippi Constitution.

A Review Of Said "Attached" Motion For Post-Conviction Collateral Relief" Will Reflect Unfairness, injustice, Prejudice, And Violations Of Fundamental Constitutional Rights, an ILLEGAL SENTENCE, Conviction Of an OFFENSE NOT Charged in The indictment, Denial Of an APPEAL and INEFFECTIVE ASSISTANCE OF COUNSEL.

ISSUES Are Being Raised That are NOT Subjected TO Time-barred. This Request For an APPEAL Comes Untimely Due To Attorney Hinchcliff's "Statement Of Counsel", "Exhibit G" Attached To Said Motion For Post-Conviction Collateral Relief.

For The Above Reasons, Said APPLICATION For Leave TO Proceed in The Trial Court Should be Granted.

Robert Chapman

Robert Chapman, Pro se

4

In The Supreme Court Of The State Of Mississippi

Certificate Of Service

This Is To Certify That I Have This Date, Caused To Be Mailed, Via United States Mail, Postage Pre-Paid, A True And Correct Copy Of The Above And Foregoing Pleading To:

Muriel B. Ellis
Supreme Court Clerk (MS.)
Post Office Box # 249
Jackson, MS. 39205-0249

Jim Hood
Attorney General's Office
Post Office Box # 220
Jackson, MS. 39205-0220

So Certified, This The 2 Day Of July _____, 2019

Respectfully,

_Robert Chapman_
Petitioner Pro Se

Robert Chapman
MDOC # 163212
MCCF / Dorm B2
833 West Street
Holly Springs, MS. 38634

5

In The Circuit Court Of Desoto County, Mississippi

Date: July 2, 2019

From: Robert Chapman
MDOC #163212
MCCF\Dorm\B2
833 West Street
Holly Springs, MS. 38634

To: Dale K. Thompson
Circuit Court Clerk
2635 HWY. 51 S.
Hernando, MS. 38632

Re: Motion For Post-Conviction Collateral Relief To Be Filed In This Honorable Court.

Dear Clerk,

Please Find Enclosed For Filing Petitioner's Motion For Post-Conviction Collateral Relief, Upon Filing Please Return a Copy Of Said Motion To The Petitioner "Stamped Filed".

Respectfully Submitted
Robert Chapman
Petitioner Pro se

i

In The United States District Court,
Northern District Of Mississippi

Date: March 3rd, 2020

From: Robert Chapman
M.Doc # 163212
MCCF / Alpha 4
833 West Street
HollySprings, MS. 38635

To: U.S. District Court
Northern District Of Miss.
Office Of The Clerk
203 Gilmore Dr.
Sonory, MS. 38801 - 5402

Re: 28 U.S.C. § 2254 For A Writ Of Habeas Corpus To
be Filed in This Court.

Dear Clerk,

Please Find Enclosed For Filing Petitioner's Writ Of
Habeas Corpus — The Petitioner Will Pay The $5. Filing
Fee When He Receives The Case Number.

Robert Chapman
Petitioner Pro Se

Marshall County Correctional Facility
P.O. Box 5188
Holly Springs, MS 38634-5188



Hasler
07/02/2020
US POSTAGE    $04.00°

ZIP 38635
011D11634505



X-RAYED

U.S. District Court
Northern District of Miss.
Office of the Clerk
203 Gilmore Dr.
Amory, MS. 38821-5402

RECEIVED

JUL  6 2020

United States District Court
Northern District of Mississippi